James H. JOHNSON, Plaintiff,

v.

BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH, UNEMPLOYMENT COMPENSATION APPEALS, Defendant.

No. 16939.

Supreme Court of Utah.

Jan. 7, 1981.

---

* CROCKETT, Retired Justice, concurred in this case before his retirement.

Paul H. Proctor, Salt Lake City, for plaintiff.

Robert B. Hansen, Atty. Gen., K. Allan Zabel, Sp. Asst. Atty. Gen., Salt Lake City, for defendant.

STEWART, Justice:

This is an appeal by plaintiff James H. Johnson from a refusal by the Board of Review of the Industrial Commission of Utah, Unemployment Compensation Appeals, to review a denial of unemployment compensation benefits.

In August 1978 plaintiff applied with the Department of Employment Security for unemployment compensation benefits. Application was made approximately six weeks after plaintiff's voluntary termination of employment. Plaintiff contends that he terminated because of his then employer's demand that plaintiff engage in what he believed to be wrongful and possibly illegal conduct. Plaintiff's application was denied on August 30, 1978, based on plaintiff's failure to appear for an appointment in the Salt Lake City office of Employment Security which was scheduled for August 25, 1978.

In October 1978 plaintiff filed an interstate application for unemployment compensation benefits in Ft. Lauderdale, Florida, based upon his employment in Utah. Benefits of $128 per week were awarded as a result of that application.

Plaintiff continued receiving benefits through March 31, 1979. In August 1979 Employment Security began an investigation of plaintiff based on information indicating plaintiff had begun working for Howe Building Products on March 1, 1979. As a result of that investigation, a telephone hearing was held between plaintiff and a hearings representative from Employment Security. As a result of that hearing it was determined that plaintiff "knowingly withheld the material facts of his work and earnings to receive benefits to which he was not entitled." Plaintiff was denied benefits for the weeks ending March 3, March 10, March 17, March 24, and March 31, 1979; was declared ineligible to receive benefits for a period of 37 additional weeks beginning September 16, 1979; and was ordered to repay the sum of $1,280, representing overpayments to which he was not entitled.

The decision was appealed to an appeal referee, who affirmed the decision of the hearings representative. On appeal to the Board of Review, defendant herein, the decision of the appeal referee was affirmed, but modified to reflect a disqualification for a period of 52 weeks beginning February 25, 1979, and a reduction of the overpayment required to be repaid to $640.

On appeal to this Court, plaintiff does not dispute the finding that he is obligated to repay the $640 representing the amount of benefits he received during the month of March 1979. He disputes the refusal of the appeal referee and the Board of Review to consider the denial of his August 1978 application. Plaintiff maintains that a review of that denial would reflect that plaintiff was entitled to additional compensation which should be applied as a setoff to the repayment order.

Section 35–4–10(h) [1] governs the time for taking an appeal from an Employment Security decision. That section provides in pertinent part:

Any decision in the absence of an appeal therefrom as herein provided shall be-

---

1. All statutory references are to Utah Code Ann. (1953), as amended.

come final ten days after the date of notification or mailing thereof and judicial review thereof shall be permitted only after any party claiming to be aggrieved thereby has exhausted his remedies before the commission and board of review as provided by this act ....

However, plaintiff cites § 35–4–6(b) in support of his contention that the Board of Review should have reviewed the initial denial of the benefits in August 1978. That section provides for continuous jurisdiction over unemployment benefits and provides in part:

> ... [U]pon its own initiative or upon application of any party affected, the commission or its authorized representatives may on the basis of change in conditions or because of a mistake as to facts, review a decision allowing or disallowing in whole or in part a claim for benefits.

In addition, however, that section states:

> No review shall be made after one year from the date of the original determination except in cases of fraud, or claimant fault, as provided in subsection (d) of this section.

Plaintiff's original application was denied August 30, 1978. He did not seek review of that decision at least until September 6, 1979, the date of the telephone hearing. No review having been initiated until more than one year after the initial determination, the Board of Review did not err in refusing to review that determination.

Plaintiff also claims his right to due process was violated in that he had no notice of the action of the Department of Employment Security with respect to his initial application for benefits and no notice of his right to appeal. The record contains a form notification setting out the Employment Security action on plaintiff's application which plaintiff admits receiving. On the back of that form plaintiff was notified of his right to appeal and the manner in which any appeal was to be taken. There is no merit to plaintiff's contention that he was not afforded his due process right to notice.[2]

The order of the Board of Review is affirmed. No costs awarded.

HALL, J., CROCKETT, Retired Justice * and DEAN E. CONDER, District Judge, concur.

MAUGHAN, C. J., does not participate herein; CONDER, District Judge, sat.

WILKINS, J., heard the arguments but resigned before the opinion was filed.

---

2. Compare *Worrall v. Ogden City Fire Department*, Utah, 616 P.2d 598 (1980); *Hume v. Small Claims Court of Murray City*, Utah, 590 P.2d 309 (1979).

