[No. 4084–4–III. Division Three. December 15, 1981.]

PATRICIA K. RASMUSSEN, *Appellant,* v. THE
DEPARTMENT OF EMPLOYMENT SECURITY,
*Respondent.*

*Jeffrey H. Hartje* and *George A. Critchlow* of *University Legal Assistance,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Matthew J. Coyle, Assistant,* for respondent.

MUNSON, J.—Patricia Rasmussen appeals the Superior Court's affirmance of the Employment Security Department's determination that her appeal was not timely filed.

Rasmussen sought unemployment compensation benefits; her request was denied by notice dated June 26, 1979. That determination notice stated in part:

This Determination Notice is final unless an appeal is filed in writing *within ten days* after the date of delivery or mailing thereof, whichever is earlier, with any office or representative of the state Employment Security Department; Provided, That such appeal, if mailed, shall be deemed filed on the postmarked date.[1]

She filed an appeal within 10 *working days* of her notification, but 13 *calendar days* thereafter on July 9. Her appeal was dismissed by the appeal tribunal; she appealed to the Employment Security Department commissioner, who upheld the dismissal for failure to show good cause why her appeal was not filed within 10 calendar days. On review, the Superior Court affirmed the commissioner.

█ The Employment Security Department has the discretion to accept an untimely appeal if "good cause" for the late filing is shown. RCW 50.32.075.[2] Whether a claimant acts upon "good cause" has generally been the subject of a 3–part test. *See Gibson v. Unemployment Ins. Appeals Bd.*, 9 Cal. 3d 494, 509 P.2d 945, 108 Cal. Rptr. 1 (1973), applied in *Devine v. Department of Employment Security*, 26 Wn. App. 778, 781–82, 614 P.2d 231 (1980). The factors considered are: (1) the shortness of the delay; (2) the absence of prejudice to the parties; and (3) the excusability of the error. Applying these factors: first, the delay in terms of days was short. The appeal should have been filed on Friday; it was filed the following Monday. Second, there is no prejudice claimed by either party. Furthermore, had the appeal been postmarked Friday, it would have been timely filed even though not received until the following Monday.

---

[1]RCW 50.32.020 states in part:

"The applicant or claimant, his most recent employing unit or any interested party which the commissioner by regulation prescribes, may file an appeal from any determination or redetermination with the appeal tribunal within ten days after the date of notification or mailing, whichever is earlier, of such determination or redetermination to his last known address: . . ."

[2]RCW 50.32.075:

"For good cause shown the appeal tribunal or the commissioner may waive the time limitations for administrative appeals or petitions set forth in the provisions of this title."

Thus, the only issue is the excusability of the delayed filing.

 The validity of the excuse presents a mixed question of law and fact, which must be reviewed de novo under the "error of law" standard. *Department of Revenue v. Boeing Co.*, 85 Wn.2d 663, 538 P.2d 505 (1975); *Devine v. Department of Employment Security, supra;* RCW 34.04-.130(6)(d).

In appealing to the appeal tribunal, Rasmussen gave as her reason for a late filing:

> I received the determination of 6/27 & didn't come in right away as I wanted to talk to others from the school district to see what they were going to do & how to write up the appeal.

She does not say whether she talked to others, if she did, who they were, or how that effort deterred her from filing the appeal. As noted in the determination notice quoted, an appeal is filed in the same office where she filed her original request for benefits. When she petitioned for review by the commissioner, she gave as her reason:

> I feel I came in on time to appeal my decision of denial. I thought it was 10 working days and the 4th of July fell during that time and the employment office was closed. I could not come in to appeal when the office was closed.

The 4th of July was on Wednesday. She does not give any reason for not coming in when the office was open Thursday the 5th, nor Friday the 6th.

We come to the same conclusion as the Department; no good excuse has been shown for late filing. First, the determination notice specified that appeal must be taken 10 days from the date of the notice, not 10 working days. Second, Rasmussen was a tutor in special education programs with the school district and may be presumed to have an average comprehension of the English language. We see nothing in the notice defining her right to appeal which would have misled her into believing that she had 10 working days, as contrasted to 10 calendar days. If there was any doubt, she could have verified the language with a tele-

phone call to the Department. Thus, while the delay was minimal and there is no apparent prejudice to either party, we nonetheless conclude good cause was not shown to waive the 10-day filing period.

Rasmussen requests attorney's fees on appeal; given this decision and the fact her affidavit was untimely presented pursuant to RAP 18.1, her request is denied.

We find no basis to believe the commissioner erred. The dissent cites by analogy the Superior Court Civil Rules. They do not apply to an administrative proceeding. The decision denying her appeal is affirmed.

GREEN, J., concurs.

McINTURFF, C.J. (dissenting)—The majority opinion correctly reasons that Ms. Rasmussen's actions comport with two of the three criteria for "good cause" under *Gibson v. Unemployment Ins. Appeals Bd.,* 9 Cal. 3d 494, 509 P.2d 945, 108 Cal. Rptr. 1 (1973). But, I dissent from the conclusion reached by the majority regarding the third criterion: excusability of the error. When lay persons confront administrative time frames for appeal as short as 10 days there will occasionally be late filings due to unavoidable circumstances, inadvertences, or excusable neglect.[3]

The Washington unemployment compensation statute expresses a policy: "that this title shall be liberally construed for the purpose of reducing involuntary unemployment and the suffering caused thereby to the minimum." RCW 50.01.010; *see also Kenna v. Department of Employment Security,* 14 Wn. App. 898, 903, 545 P.2d 1248 (1976).

---

[3]Ms. Rasmussen's appeal was due Friday, July 6, 1979. From the date she received notice on June 26, 1979, to July 6, 1979, there were 3 days in which the Employment Security Department was closed, *i.e.,* Saturday, June 30, Sunday, July 1, and Wednesday, July 4. Arguably, the 10-day time limitation for appeal printed on her notice could lead a reasonable lay person to believe the time limit pertained to those days the Department was open to the public for business. Additionally, Ms. Rasmussen offered the following excuse: "I wanted to talk to others from the school district to see what they were going to do & how to write up the appeal."

The short 10–day time period in which to appeal a denial of benefits is designed to assure they are processed quickly and afford immediate relief. *Johnson v. Commissioner*, 20 Wn.2d 730, 733, 149 P.2d 367 (1944). Thus, in light of the shortness of the time to appeal, the commissioner should have applied the good cause standard liberally to avoid unfairness to this *lay* claimant.

Ms. Rasmussen filed her appeal in person Monday, July 9, 1979. The Department would have accepted the appeal through postal channels on Monday if the petition was postmarked Friday. The Department concedes it was not prejudiced by having Ms. Rasmussen personally file her appeal on Monday. Our courts have continually held that: "'Substantial compliance' with procedural rules is sufficient". *In re Saltis*, 94 Wn.2d 889, 896, 621 P.2d 716 (1980); *Moore v. Burdman*, 84 Wn.2d 408, 413, 526 P.2d 893 (1974) (jurisdictional requirements of court rules may be waived where justice demands); *Goldendale v. Graves*, 88 Wn.2d 417, 423, 562 P.2d 1272 (1977) (5–day delay in noting a case for trial was inadvertent with no resulting prejudice).

Recently in *Devine v. Department of Employment Security*, 26 Wn. App. 778, 614 P.2d 231 (1980), a claimant's 10–day time period for appeal ended on a Friday—she filed on the following Monday. The court, using the *Gibson* criteria determined the claimant acted reasonably in waiting for a union representative to contact her, and that the 1–day delay was not excessive.[4] Here, Ms. Rasmussen indicated she was waiting to speak to others concerning the appeal format. It is difficult to understand how an attorney may be excused for a tardy filing because of an inadvertent mistake, *Goldendale, supra,* while a lay claimant with no specialized legal knowledge, who was seeking advice from others in the school district, is denied the opportunity when no prejudice results. Specific rules have been adopted to aid attorneys in the determination and computation of a given time period allowed or prescribed by the Superior Court

---

[4]Weekend days are not counted as late days. *Devine, supra* at 780 n.1.

Civil Rules.[5] Such rules assist in clarifying any ambiguities. There is no reason which would preclude the Department from notifying lay claimants they have "10 *calendar* days" in which to appeal.

Ms. Rasmussen indicated she believed the 10–day period for appeal under RCW 50.32.020 pertained to working days. Is this construction unreasonable? I think not. "Ten days" could mean 10 calendar days or 10 working days. I cannot say she was acting unreasonably in assuming, due to the weekend and holiday period involved in her 10–day filing period, that she had 10 "working days" to perfect her appeal. A finding of "good cause" to waive the time limitations for appeal promotes the stated legislative policy behind the employment security act; the statute is to be liberally construed with any ambiguity resolved in favor of the claimant. The court in *Gibson, supra* at 9 Cal. 3d 499, 509 P.2d 948, noted a similar legislative scheme forbade application of a "draconion rule that the slightest and most excusable inadvertence will deprive a worker of his right to an appeal on the merits."

Thus, in concert with the legislative intent behind the unemployment compensation act and because of Ms. Rasmussen's excusable neglect in substantial compliance with the appeal time limit, I would reverse the Superior Court

---

[5]CR 6(a) provides:

"In computing any period of time prescribed or allowed by these rules, by the local rules of any superior court, . . . or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, a Sunday nor a legal holiday. Legal holidays are prescribed in RCW 1.16.050. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation."

and direct the Department of Employment Security to hear her appeal.

Reconsideration denied January 13, 1982.

Review granted by Supreme Court March 26, 1982.