David H. JONES, Plaintiff,

v.

DEPARTMENT OF EMPLOYMENT SECURITY, INDUSTRIAL COMMISSION OF UTAH, Defendant.

No. 17419.

Supreme Court of Utah.

Feb. 2, 1982.

Michael E. Bulson, Ogden, for plaintiff.

David L. Wilkinson, Atty. Gen., and K. Allan Zabel, Salt Lake City, for defendant.

HALL, Chief Justice:

Pursuant to a recorded telephone hearing conducted by a representative of defendant Department of Employment Security, plaintiff was disqualified from receiving unemployment benefits on the basis of violations of the Employment Security Act, U.C.A., 1953, 35–4–5(a) and (e). Plaintiff received notice of defendant's decision to deny benefits sometime around February 19, 1980. On May 20, 1980, he wrote a letter to defendant's Appeals Office requesting reconsideration of the penalty imposed. An appeals referee determined that he had no jurisdiction to review plaintiff's case because plaintiff had not filed an appeal within ten days of notification of the disqualification decision as required by U.C.A., 1953, 35–4–6(c). The Board of Review of the Utah State Industrial Commission affirmed the referee's finding of lack of jurisdiction. Plaintiff appeals.

U.C.A., 1953, 35–4–6(c) provides:

> The claimant or any other party entitled to notice of a determination as herein provided may file an appeal from such determination with an appeal referee *within ten days* after the date of mailing of the notice .... [Emphasis added.]

Plaintiff received information concerning this rule in an appeal instruction sheet which accompanied his February 19, 1980 notification of denial of benefits. The instruction sheet included the following language:

> You may appeal from this determination within 10 days from the date mailed. Appeals should be filed in writing in a Job Service Office. If it is not practical to file your appeal in person, you may appeal by mailing a signed letter ....

Plaintiff does not deny the application of 34–4–6(c) to his case or claim that he was unaware of the time limitation contained therein, but he objects to the finding of the referee that he failed to meet the ten-day requirement. Plaintiff testified that after receiving notification of defendant's decision, he visited its Appeals Office in person with the intention of filing an appeal. According to plaintiff, he was given some papers to fill out at that time, but "I couldn't get them all filled out. So I left ...." Concerning the date of this visit, he testified, "I think it was sometime in February." Plaintiff claims that this visit took place within the statutory ten-day period and that, in spite of his failure to file a timely appeal, this visit constituted "timely contact" with defendant sufficient to meet the requirement of the statute.

In regard to plaintiff's contention that his claimed visit to defendant's Appeals Office should be substituted for the filing of a written appeal under 34–4–6(c), the evidence fails to show that his visit was made within the ten-day period prescribed by that statute. Plaintiff's own testimony discredits the claim that he visited the Appeals Office in February. Plaintiff stated that upon originally receiving the February 19, 1980 notification, he "somewhat" agreed with defendant's decision and that "I didn't know what to do with the situation. That's why it took so long to make the appeal." He acknowledged that he did not visit the Appeals Office until after he had already received "a few" collection letters from defendant. He further testified that this visit took place only "a week or so" before he contacted his attorney. Plaintiff's later testimony shows that he first contacted his attorney early in May, indicating that plaintiff's visit to the Appeals Office occurred late in April. Plaintiff's statement that he thought the visit took place in February contradicts the remaining evidence, all of which supports the referee's finding that plaintiff made no timely appeal.

In the absence of a timely filing of appeal under 34–4–6(c), the appeal referee had no jurisdiction to hear plaintiff's case. Accordingly, we do not reach plaintiff's remaining points on appeal.

Affirmed.

HOWE and OAKS, JJ., and CHRISTINE M. DURHAM, District Judge, concur.

STEWART, J., concurs in the result.