Charles K. THIESSENS, Plaintiff,

v.

DEPARTMENT OF EMPLOYMENT SE-
CURITY, BOARD OF REVIEW OF
THE INDUSTRIAL COMMISSION OF
UTAH, Defendant.

No. 18568.

Supreme Court of Utah.

April 7, 1983.

Charles K. Thiessens, pro se.

David L. Wilkinson, Floyd G. Astin, K.
Allan Zabel, Salt Lake City, for defendant.

PER CURIAM:

Plaintiff brings this action, seeking re-
view of a decision of the commission which
held that plaintiff's appeal from a decision
of the department was untimely.

Plaintiff filed for and received weekly
unemployment compensation from Decem-
ber 10, 1976, through October 5, 1977. Sub-
sequently, the department received infor-
mation that plaintiff had withheld material
information to receive benefits to which he
was not entitled.[1] By letter, the depart-
ment requested an explanation and indi-
cated that if plaintiff failed to respond
within ten days, a hearing representative
would determine the case based upon the
information it had. Plaintiff did not re-
spond and, in a decision dated May 9, 1978,
the department assessed an overpayment of
$1,222 against plaintiff, finding that plain-
tiff had knowingly withheld employment
information. The decision was mailed to
plaintiff's "last known address" as required
by U.C.A., 1953, § 35–4–6(c). The depart-
ment thereupon garnished plaintiff's Utah
income tax refund checks for the years 1978
and 1979 and applied these to the overpay-
ment. Incidental to the garnishments, let-
ters were sent to the plaintiff's then cur-
rent address (obtained from the face of the
refund checks), explaining the department's
actions and informing plaintiff of the over-
payment balance owing.

1. In April, 1978, the department was informed
that plaintiff was hired by a construction com-
pany on July 15, 1977, but that he had failed to
report to work.

In December, 1981, plaintiff filed a combined Utah-Washington unemployment claim in Washington. Apparently, the claim was disallowed because of the department's 1978 decision establishing the overpayment.[2] On March 19, 1982, plaintiff filed an appeal from the 1978 decision, contending that he had never been advised of the decision.

Plaintiff was given an opportunity to establish good cause as to why his appeal from the 1978 decision had been delayed. A telephone hearing was held on April 27, 1982. Based on plaintiff's testimony and the evidence in the record, an appeal referee determined that he lacked jurisdiction to hear the case on the merits, since plaintiff had "failed to show good cause for failing to file the appeal on time." On appeal to the board of review, the decision of the appeal referee was affirmed.

 U.C.A., 1953, § 35–4–6(c) provides, in pertinent part, as follows:

The claimant or any other party entitled to notice of a determination as herein provided may file an appeal from such determination with an appeal referee within ten days after the date of mailing of the notice to his last known address....

Notwithstanding the apparent jurisdictional limitation of this statute,[3] the commission does afford a claimant an opportunity to show good cause why the appeal was filed late.[4] The decision as to whether "good cause" for delay has been demonstrated is basically a factual matter best left to the commission. Where supported by competent evidence, its findings are conclusive.[5]

Although plaintiff denies having received notice of the hearing representative's decision, there was evidence that ap-

proximately 40 benefit checks did reach plaintiff. None of the checks, nor the notice, nor the letters of garnishment were ever returned as undeliverable by postal authorities.[6] Plaintiff's own brief on appeal states that he lived at his mother's residence through the year 1978. The evidence clearly supports the conclusion that plaintiff "likely ... received the determination," failed to take a timely appeal therefrom, and failed to show good cause for delay.

The commission's decision is therefore affirmed.

---

2. See U.C.A., 1953, § 35–4–5(e).

3. See *Jones v. Department of Employment Security,* Utah, 641 P.2d 156 (1982).

4. Rules and Regulations of the Department of Employment Security, 4.f.(3).

5. U.C.A., 1953, § 35–4–10(i). See also *Martinez v. Board of Review,* 25 Utah 2d 131, 477 P.2d 587 (1970), and *Kennecott Copper Corp. v.*

*Department of Employment Security,* 13 Utah 2d 262, 372 P.2d 987 (1962).

6. The mailing of a letter postage prepaid, and properly addressed creates an inference that the letter reached its destination. *Campbell v. Gowans,* 35 Utah 268, 100 P. 397 (1909).