Guy L. KIRKWOOD, Plaintiff,

v.

DEPARTMENT OF EMPLOYMENT SE-
CURITY, BOARD OF REVIEW, IN-
DUSTRIAL COMMISSION, Defendant.

No. 19177.

Supreme Court of Utah.

Nov. 7, 1985.

Brian C. Harrison, Provo, for plaintiff.

K. Allan Zabel, Salt Lake City, for defendant.

PER CURIAM:

Plaintiff Guy L. Kirkwood appeals the denial of unemployment benefits from the state Department of Employment Security. Because of plaintiff's failure to timely follow the statutorily prescribed procedure for review within the Department, we affirm the Board of Review's denial of benefits.

Plaintiff was discharged by Helper City on July 2, 1982, and later was determined ineligible for unemployment benefits under U.C.A., 1953, § 35–4–5(b)(1). At his request, a hearing was scheduled before an appeal referee to reconsider his eligibility for benefits. Plaintiff was notified of the hearing date and advised the employment security office that he would attend the hearing. However, he did not appear at the August 30, 1982, hearing. On September 2, 1982, plaintiff was advised that his appeal had been denied and that the decision would be considered final unless a written appeal was made to the Board of Review within ten days. U.C.A., 1953, § 35–4–6(c) (as amended). No appeal was filed within the ten days.

In a March 29, 1983, letter to the local Department office, plaintiff again detailed his claims regarding his termination. His excuse for failure to appeal was his stress due to family problems. This letter was referred to the Industrial Commission's Board of Review and treated as an appeal of the September 2, 1982, decision. On April 26, 1983, the Board found untimely plaintiff's appeal from the September 2, 1982, decision of the appeal referee and declined to reopen the matter.

In *Jones v. Department of Employment Security*, Utah, 641 P.2d 156 (1982), we held that the timely filing of an appeal under section 35–4–6(c) for review within the Department is jurisdictional. Likewise, in *Thiessens v. Department of Employment Security*, Utah, 663 P.2d 72 (1983), we affirmed the review board's denial of benefits because of the claimant's untimely appeal to that tribunal and the failure to show "good cause" for the delay. We stated:

Notwithstanding the apparent jurisdictional limitation of [section 35–4–6(c)], the commission does afford a claimant an opportunity to show good cause why the appeal was filed late. The decision as to

whether "good cause" for delay has been demonstrated is basically a factual matter best left to the commission. Where supported by competent evidence, its findings are conclusive.

663 P.2d at 73. *See also Wood v. Department of Employment Security*, Utah, 680 P.2d 38 (1984).

The Commission's denial of plaintiff's appeal for unemployment benefits is affirmed.