**Connie T. PACHECO, Plaintiff,**

v.

**BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH, DEPARTMENT OF EMPLOYMENT SECURITY, Defendant.**

**No. 20980.**

Supreme Court of Utah.

April 10, 1986.

---

Connie T. Pacheco, pro se.

K. Allan Zabel, Salt Lake City, defendant.

PER CURIAM:

In her petition for a writ of review, Connie Pacheco seeks review, pro se, from the decision of the Board of Review, adopting the decision of the administrative law judge that Pacheco's appeal was not timely within the requirements of section 35–4–6(c) of the Utah Employment Security Act or section 4.f(3) of the Department of Employment Security Rules and Regulations.

The Department of Employment Security sent Pacheco its decision on June 7, 1985, advising her that she had ten days from that date to appeal. Pacheco received the decision on June 11. The decision stated that Pacheco had knowingly withheld material information to receive benefits to which she was not entitled. She was ordered to repay fraudulently obtained funds in the amount of $3,866. Pacheco immediately contacted the hearing officer and told her that she intended to appeal. She informed her that she had just started new employment, was going into training, and did not have enough time to meet the deadline for her appeal. According to Pacheco, the hearing officer told her to file her appeal as quickly as possible, and Pacheco asked her to please attach a note and let the proper people know because she did not want to "get in trouble on this." Pacheco's letter of appeal was mailed on July 1, fourteen days late.

A hearing was held at which the timeliness of the appeal was first addressed. The administrative law judge found that the Department of Employment Security representative had advised Pacheco of her appeal rights "and also instructed [her] to submit an appeal *as soon as possible.*" (Emphasis added.) He also found that the representative had not advised Pacheco that the time for appeal could be extended. From those findings, the administrative law judge concluded that Pacheco had not shown good cause for failing to file her appeal on time and that there was no evidence of any mistake as to the facts which would justify exercising continuing jurisdiction. As a result, he decided that he lacked jurisdiction to consider the matter on the merits.

Section 4.f(3) of the Department of Employment Security Rules and Regulations provides:

> Where it appears that any appeal, or a request for hearing, or a petition for reopening or other request or application may not have been filed within the time

allowed by law or these regulations, the appellant, applicant, or petitioner (as the case may be) shall be notified and be given an opportunity to show that such an appeal, request, application or petition was timely or *was delayed for good cause.* If it is found that such appeal, request, application or petition was not filed within the applicable time limit and the delay was without good cause, it shall be dismissed on such ground. If it is found that such appeal, request, application or petition was timely or *was delayed for good cause, the matter shall be decided on the merits.*

(Emphasis added.)

Section 35–4–6(b) of the Utah Employment Security Act provides in pertinent part:

Jurisdiction over benefits shall be continuous. Upon its own initiative *or upon application of any party* affected, the commission or its authorized representatives may on the basis of changing conditions or *because of a mistake as to facts,* review a decision allowing or disallowing in whole or in part a claim for benefits. Such review ... may result in a referral of such claim to an appeal tribunal.... No review shall be made after one year from the date of the original determination except in cases of fraud, or claimant fault....

(Emphasis added.)

In *Thiessens v. Department of Employment Security,* Utah, 663 P.2d 72 (1983), we stated that notwithstanding the apparent jurisdictional limitation of section 35–4–6(c) of the Utah Unemployment Security Act, limiting an appeal to the appeal referee to ten days after determination, "the commission does afford a claimant an opportunity to show good cause why the appeal was filed late" under Rule 4.f(3) cited above. In that case we were unpersuaded by the claimant's statement that he had not received notice of determination when he had received 40 benefit checks and garnishment letters, and we therefore affirmed a finding of no good cause. In *Wood v. Department of Employment Security,* Utah, 680 P.2d 38 (1984), we agreed with the Board of Review that because of the unexplained delay of three weeks between receipt of the notice and filing of the appeal, the claimant had failed to show good cause why his appeal should be heard late. In *Johnson v. Board of Review,* Utah, 622 P.2d 804 (1981), we acknowledged that the Board of Review exercised continuous jurisdiction under section 35–4–6(b), *supra,* but found the claimant to be outside its ambit where he had brought a claim for offset more than one year after the original determination.

■ Here, the situation is different. Throughout the hearing, Pacheco consistently maintained that she was told to file her appeal "as quickly as possible." She was not told that failure to file by June 17 would preclude her from being heard on the merits. The administrative law judge found that the hearing officer "instructed the claimant to submit an appeal as soon as possible." His finding that the hearing officer "did not advise the claimant that the time for appeal could be extended" may not be construed to have apprised Pacheco of the finality of the determination after June 17. When Pacheco voiced her concern about not filing her appeal on time, the hearing officer had an affirmative duty to tell her that the time would not be extended.

■ What constitutes "good cause" presents us with a mixed question of law and fact. *Gibson v. Board of Review,* Utah, 707 P.2d 675 (1985) (per curiam); *Denby v. Board of Review,* Utah, 567 P.2d 626 (1977). On those questions, we defer to the informed discretion of the Commission and reverse only upon a plain abuse of discretion. *Salt Lake City Corp. v. Department of Employment Security,* Utah, 657 P.2d 1312 (1982). Pacheco's telephone call to the hearing officer was made well within the time left for her appeal. She was not given express warning that her delay beyond June 17 would foreclose her appeal. We hold that under those circumstances she showed good cause in filing her appeal two weeks late, and the administra-

tive law judge's ruling to the contrary was an abuse of discretion.

 Pacheco was fined and penalized for fraud and intended to appeal that ruling. She explained in her pro se letter of appeal that as a result of four moves over a period of eight months to three different states and as a further result of a time lag in salary payments from her employer, a confusion existed as to dates and wages earned and that she was overpaid a mere $96. That letter alleged a mistake as to the facts on which the decision by the hearing officer was based. For this Court to set aside findings of fact, they must be without substantial support in the record and hence clearly arbitrary and capricious. *Salt Lake City Corp.*, 657 P.2d at 1315. The administrative law judge's ruling that there was no evidence of a mistake as to the facts without having heard Pacheco on the merits was clearly arbitrary and capricious. The administrative law judge was not without jurisdiction to hear Pacheco's claim on the merits. U.C.A., 1953, § 35-4-6(b) (Supp.1985).

Reversed and remanded for a hearing on the merits.