Amador AREVALO, Plaintiff,

v.

DEPARTMENT OF EMPLOYMENT
SECURITY, Defendant.

No. 870014–CA.

Court of Appeals of Utah.

Nov. 24, 1987.
Rehearing Denied Dec. 16, 1987.

Michael E. Bulson, Utah Legal Services, Inc., Ogden, for plaintiff.

K. Allan Zabel, Asst. Atty. Gen., Alan Hennebold, Sp. Asst. Atty. Gen., Dept. of Employment Sec., Salt Lake City, for defendant.

## OPINION

Before GREENWOOD, BILLINGS and JACKSON, JJ.

GREENWOOD, Judge:

Plaintiff Amador Arevalo appeals from a decision of the Board of Review of the Industrial Commission that plaintiff failed to timely appeal from a Department of Employment Security (Department) decision that he had knowingly withheld material information to obtain unemployment compensation benefits.

Plaintiff received unemployment benefits in 1981 and 1982. He left the United States and returned to Mexico, his native country, in 1983. On March 11, 1983, while plaintiff was still in Mexico, the Department mailed a notice to plaintiff at his United States address advising him that he had withheld material information regarding the status of his United States citizenship in his application for 1981–82 benefits and therefore had been overpaid $6,664. The notice also informed him of his right to appeal within ten days. Plaintiff returned to the United States in June 1984, married a United States citizen and was granted permanent residence status by the Immigration and Naturalization Service. In November 1985, he applied for and was denied unemployment compensation benefits because of the 1983 determination of overpayment. Subsequently, in December of 1985, plaintiff's wife contacted the Industrial Commission to explain plaintiff's position and to determine why he was ineligible for unemployment compensation. The Industrial Commission representative who discussed the situation with plaintiff's wife testified he generally informed people of their appeal rights. However, he did not specifically remember informing plaintiff's wife of plaintiff's right to appeal.

In February or March 1986, plaintiff contacted Utah Legal Services and talked to a paralegal. The paralegal filed a request for an appeal hearing on August 11, 1986. At the hearing, plaintiff testified that he never received the notice of the Department's 1983 decision, nor of his right to appeal that decision. After a hear-

ing, an Administrative Law Judge (ALJ) concluded that the appeal was not timely filed and had not been delayed for good cause. Plaintiff appealed to the Board of Review of the Industrial Commission, which affirmed the ALJ's decision.

The issue before the Court is whether the Industrial Commission erred in affirming the ALJ's decision that plaintiff's appeal was untimely and not delayed for good cause.

Utah Code Ann. § 35–4–6(c) (1974) provides in pertinent part as follows:

(c) The claimant or any other party entitled to notice of a determination as herein provided may file an appeal from such determination with an appeal referee within ten days after the date of mailing of the notice to his last known address or, if such notice is not mailed, within ten days after the date of delivery of such notice.

Pursuant to section 35–4–6(c) the Department has promulgated rules and regulations which state:

A late appeal may be considered ... if ... the appeal was delayed for good cause. Good cause is limited to circumstances where it is shown that:
1. The appeal was filed within 10 days of actual receipt of the decision if such receipt was beyond the original appeal period and not the result of willful neglect; or
2. The delay in filing the appeal was due to circumstances beyond the control of the appellant; or
3. The appellant delayed filing the appeal for circumstances which were compelling and reasonable.

Unemployment Insurance Rules (1986).

Plaintiff contends that his appeal was delayed for good cause, and, therefore, the Industrial Commission erred when it upheld dismissal of his untimely appeal. "Good cause" is a mixed question of law and fact. *Pacheco v. Board of Review*, 717 P.2d 712, 714 (Utah 1986). In reviewing the Industrial Commission's decisions on good cause, we will "defer to the informed discretion of the Commission and reverse only upon a plain abuse of discretion." *Id.*

at 714. *See also Utah Dep't. of Admin. Servs. v. Public Serv. Comm'n*, 658 P.2d 601, 609 (Utah 1983).

In *Pacheco*, the Department determined Pacheco had knowingly withheld material information in order to receive benefits and therefore ordered her to repay the benefits. Pacheco was notified of the decision and of her right to appeal within ten days. Pacheco contacted a hearing officer and told her she would not be able to file on time. The officer told her to file as quickly as possible and did not tell her that filing late would result in dismissal of the appeal. Pacheco filed her appeal fourteen days late. On appeal, the Utah Supreme Court held that "under those circumstances she showed good cause in filing her appeal two weeks late, and the administrative law judge's ruling to the contrary was an abuse of discretion." *Id.* at 714–15.

However, in *Thiessens v. Department of Employment Security*, 663 P.2d 72 (Utah 1983), the Court found plaintiff failed to show good cause for an untimely appeal filed four years after plaintiff received notice of the Department's decision that he had withheld material information to receive unemployment compensation. Similarly, in *Wood v. Department of Employment Security*, 680 P.2d 38 (Utah 1984), plaintiff was unable to explain why he filed an appeal almost three weeks after receipt of the Department's determination notice. The Court held the untimely appeal was without good cause.

In the instant case, plaintiff, like Pacheco, was ordered to repay benefits that were obtained as a result of withholding material information. However, unlike Pacheco, plaintiff did not request permission to file late nor was he misled by the statements of a departmental employee regarding the time limit as was Pacheco. Plaintiff did not make inquiries into his appeal rights. Plaintiff was notified of the Industrial Commission's decision no later than December, 1985, but waited until March 1986 to consult Utah Legal Services regarding the decision. It may be that plaintiff's appeal should have been filed within a reasonably short time after learning of the decision in

December 1985. However, we need not decide that question as plaintiff waited another three months to take any further action. We find that at the time plaintiff consulted legal counsel in March 1986, he knew or should have known of the time limits for filing an appeal as set forth in Utah Code Ann. § 35–4–6(c) (1974). However, plaintiff failed to file an appeal until August 1986, four months after he sought legal advice. In this instance, the delay in filing by his counsel must be imputed to plaintiff. As in *Wood,* plaintiff was unable to sufficiently explain why he filed an appeal more than four months after he was on notice of his appeal rights. In addition, as in *Thiessens,* there is ample evidence that plaintiff learned of his right to appeal significantly more than ten days before the appeal was filed. We, therefore, find no abuse of discretion in the Industrial Commission's determination that the appeal was not timely filed and not delayed for good cause.

Affirmed.

BILLINGS and JACKSON, JJ., concur.