**Angela ARMSTRONG, Petitioner,**

v.

**DEPARTMENT OF EMPLOYMENT SECURITY, Respondent.**

No. 910403–CA.

Court of Appeals of Utah.

May 22, 1992.

---

Cheryl I. Jolly (argued), Salt Lake City, for petitioner.

K. Allan Zabel (argued), Dept. of Employment Sec., Salt Lake City, for respondent.

Before BILLINGS, ORME and RUSSON, JJ.

## OPINION

BILLINGS, Associate Presiding Judge:

The Department of Employment Security denied petitioner Angela Armstrong (Armstrong) unemployment benefits, and she appealed. An administrative law judge ruled her appeal was untimely, leaving the department's decision in effect. Armstrong then filed a timely appeal with the Board of Review of the Industrial Commission of Utah (Board) which affirmed the ruling of the administrative law judge. Armstrong now seeks review of the Board's final decision. We affirm.

## FACTS

Kinko's of Salt Lake, a copy and printing company, employed Armstrong for approximately two years. Kinko's terminated Armstrong for knowingly violating company policy concerning customer discounts. Armstrong applied for unemployment benefits.

The Department of Employment Security denied Armstrong unemployment benefits in a notice dated and mailed February 19, 1991. This notice, with our emphasis, in-

formed Armstrong of her right to appeal "within 10 *calendar* days after this decision was mailed." However, regulations adopted by the Industrial Commission provide that if the department's decision is mailed, a claimant may have an additional three days to file an appeal.[1] Therefore, Armstrong had until March 4, 1991[2] to file a timely appeal. Armstrong appealed the department's denial of unemployment benefits in a letter dated March 5, 1991 and received March 6, 1991.

A hearing was held before an administrative law judge. At the hearing, the parties addressed both the timeliness and the merits of Armstrong's appeal. The administrative law judge indicated he would reserve ruling on the timeliness issue and proceed to the merits, as everyone was prepared to testify. The administrative law judge subsequently ruled her appeal was not timely and good cause did not exist for extending the appeal deadline. Armstrong then appealed to the Board which affirmed, adopting the findings of fact and conclusions of law of the administrative law judge.

On appeal, Armstrong claims the Board erred by not addressing the merits of her appeal because: (1) Good cause existed for filing a late appeal, (2) the time period for filing an appeal is ambiguous, and (3) the short appeals period violates constitutional guarantees of due process.

## "GOOD CAUSE" FOR EXCUSING LATE APPEAL

Armstrong first claims her untimely appeal should be considered on its merits because there was good cause for her delay in filing it. The Board responds that no good cause exists for excusing Armstrong's late appeal.

### A. Standard of Review

Utah's Employment Security Act is to be "construed liberally in favor of affording benefits." *Nielsen v. Department of Employment Sec.*, 692 P.2d 774, 776 (Utah 1984) (per curiam); *accord DeLuca v. Department of Employment Sec.*, 746 P.2d 276, 278 (Utah App.1987).

A claimant has a statutory right to appeal a denial of unemployment benefits under Utah Code Ann. § 35–4–6(c) (Supp. 1991) which provides: "The claimant or any other party entitled to notice of a determination ... may file an appeal from such determination with an administrative law judge within ten days after the date of mailing of the notice to his [or her] last known address...."[3] On its face, this statute appears to be jurisdictional. However, through regulations based on authority delegated in Utah Code Ann. § 35–4–6(b) (Supp.1991), the Industrial Commission has modified application of the statute by adopting a good cause exception to the time limitation for filing an appeal. Under section 35–4–6(b), the Industrial Commission's

*[j]urisdiction over benefits shall be continuous.* Upon its own initiative or upon application of any party affected, the commission or its authorized representatives may on the basis of change in conditions or because of a mistake as to facts, review a decision allowing or disallowing in whole or in part a claim for benefits. *The review shall be conducted in accordance with such rules as the commission may prescribe* and may result in a new decision which may award, ter-

---

1. Utah Administrative Rule 475–6c–4 (1991) specifies:

   If a decision issued by the Department is mailed, three days are added to the time prescribed by the Act for filing the appeal. Therefore, the amount of time permitted for filing an appeal from any decision that is mailed by the Department is thirteen calendar days unless otherwise specified on the decision or by the Act.

2. According to Utah Administrative Rule 475–6c–5 (1991),

   [i]n computing the period of time allowed by the Act for filing appeals under this section, the day the decision is mailed or handed to a party is not to be included. The last day of the appeal period that follows is to be included in the computation unless it is a Saturday, Sunday or legal holiday when the offices of the Department are closed.

3. By regulation, the Industrial Commission has extended the appeals period three days when its notice to an unemployment benefits claimant is mailed. *See* Utah Code Admin.P. R475–6c–4.

minate, continue, increase, or decrease benefits, or may result in a referral of the claim to an appeal tribunal.

*Id.* (emphasis added). Pursuant to the "continuous" jurisdiction afforded by this statute, the Industrial Commission has promulgated regulations allowing late appeals for good cause. *See* Utah Code Admin.P. RR475–6c–7 and –8 (1991). The Utah Supreme Court[4] and this court[5] have accepted and routinely applied this good cause exception, and neither party challenges it on appeal.

█ What constitutes good cause for filing an untimely appeal has been variously described as "a mixed question of law and fact," *Pacheco v. Board of Review of the Indus. Comm'n*, 717 P.2d 712, 714 (Utah 1986) (per curiam); *Arevalo v. Department of Employment Sec.*, 745 P.2d 847, 848 (Utah App.1987), *cert. denied*, 765 P.2d 1278 (Utah 1988), and "basically a factual matter," *Thiessens v. Department of Employment Sec.*, 663 P.2d 72, 73 (Utah 1983) (per curiam). More precisely, the factual findings underlying a determination of good cause "will be affirmed if they are 'supported by substantial evidence when viewed in light of the whole record before the court.'" *Merriam v. Board of Review of the Indus. Comm'n*, 812 P.2d 447, 450 (Utah App.1991) (quoting *Nelson v. Department of Employment Sec.*, 801 P.2d 158, 161 (Utah App.1990)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Grace Drilling Co. v. Board of Review of the Indus. Comm'n*, 776 P.2d 63, 68 (Utah App.1989) (quoting *Idaho State Ins. Fund v. Hunnicutt*, 110 Idaho 257, 715 P.2d 927, 930 (1985)). The ultimate decision as to whether good cause exists is a mixed question of law and fact and should be affirmed only if it is reasonable. *See Pro–Benefit Staffing v. Board of Review of the Indus. Comm'n*, 775 P.2d 439, 442 (Utah App.1989).[6]

### B. "Good Cause"

█ The Industrial Commission has promulgated rules which allow an unemployment benefits claimant who shows good cause to file an untimely appeal. *See* Utah Administrative Rule 475–6c–7.

---

4. *See Mini Spas, Inc. v. Industrial Comm'n*, 733 P.2d 130, 132 (Utah 1987) (per curiam); *Pacheco v. Board of Review of the Indus. Comm'n*, 717 P.2d 712, 714 (Utah 1986) (per curiam); *Kirkwood v. Department of Employment Sec.*, 709 P.2d 1158, 1158–59 (Utah 1985) (per curiam); *Wood v. Department of Employment Sec.*, 680 P.2d 38, 39 (Utah 1984); *Thiessens v. Department of Employment Sec.*, 663 P.2d 72, 73 (Utah 1983) (per curiam).

5. *See Arevalo v. Department of Employment Sec.*, 745 P.2d 847, 848 (Utah App.1987), *cert. denied*, 765 P.2d 1278 (Utah 1988).

6. The standard of review for mixed questions of law and fact in interpreting statutory directives to agencies was recently clarified in *Morton International, Inc. v. Auditing Division of the Utah State Tax Commission*, 814 P.2d 581 (Utah 1991). The *Morton* court stated it is "appropriate to grant [an] agency deference on the basis of an explicit or implicit grant of discretion contained in the governing statute." *Id.* at 588. Likewise, a grant of discretion may be implied when a statute's "operative terms" are so "broad and generalized" they "'bespeak a legislative intent to delegate their interpretation to the responsible agency.'" *Id.* (quoting *Utah Dep't of Admin. Serv. v. Public Serv. Comm'n*, 658 P.2d 601, 610 (Utah 1983)). If discretion exists, the standard of review is reasonableness. *See Johnson–Bowles Co. v. Division of Sec.*, 829 P.2d 101, 101–107 (Utah App.1992); *Tasters Ltd. v. Department of Employment Sec.*, 819 P.2d 361, 365 (Utah App.1991). If no grant of discretion is found, an agency's interpretations of the statute are reviewed under a correction-of-error standard. *See Morton*, 814 P.2d at 588; *Johnson–Bowles*, 829 P.2d at 107–108.

In the instant case, we are not directly faced with the review of the legislature's statutory direction to an agency but a regulation promulgated by an agency concerning good cause. Therefore, we do not find the analysis required by *Morton* applicable.

However, even if we applied the analysis dictated by *Morton*, the resulting standard of review for the Board's determination of good cause would still be one of reasonableness. The legislature's statutory delegation of authority to the Industrial Commission which supports the implementation of the good cause exception is found in section 35–4–6(b). This statute not only grants the Industrial Commission continuous jurisdiction to conduct reviews of denials of unemployment benefits but allows the commission to implement any rules it desires to govern this review. Thus, the statute contains an explicit grant of discretion to the Industrial Commission.

Armstrong claims good cause existed because she was confused by the term "calendar days" in the notice of her appeal rights, somehow taking it to mean "working days," and she reasonably needed extra time to gather materials to support her appeal. Armstrong argues that because she is a layperson and in view of the remedial policy of the unemployment statutory scheme, the Board acted unreasonably in refusing to reach the merits of her appeal when it was filed only one day late.

Utah Administrative Rule 475–6c–8 defines what constitutes "good cause" for failing to file on time.

A late appeal may be considered on its merits if it is determined that the appeal was delayed for good cause. Good cause is limited to circumstances where it is shown that:

1. The appeal was filed within 10 days of actual receipt of the decision if such receipt was beyond the original appeal period and not the result of willful neglect; or

2. The delay in filing the appeal was due to circumstances beyond the control of the appellant; or

3. The appellant delayed filing the appeal for circumstances which were compelling and reasonable.

*Id.*

Of the three possible grounds for establishing good cause, only the third could possibly apply to Armstrong's claims. Under this provision, Armstrong must establish the circumstances of her delay are "compelling and reasonable."

Utah courts have only cursorily addressed what is meant by "good cause" under this regulation, generally affirming

the Board's findings of no good cause for the late appeal.[7]

In the instant case, the administrative law judge made the following findings of fact: (1) The decision was mailed to Armstrong's full and correct address, (2) the decision included instructions for filing an appeal, (3) Armstrong received the decision and was aware of her right to appeal, and (4) Armstrong filed her appeal beyond the statutory time limitation "so she could gather additional information to determine whether she should file the appeal. She did not want to file the appeal initially if it would not be profitable." The administrative law judge concluded Armstrong "has not shown she was prevented from making the appeal during the period in question," and "has not shown good cause for failing to file the appeal on time."

The Board adopted the findings of fact and conclusions of law of the administrative law judge. However, in its decision, the Board made the following additional findings:

[T]he Board of Review notes the claimant's contention that she made a reasonable mistake of thinking that the ten days for appeal referred to "working" days. However, the Board of Review notes that the concluding paragraph of the local office decision specifically advises the claimant she must appeal within "ten calendar days" after the decision was mailed. Further, Rule 475–6c–3., Utah Administrative Code 1991, specifically provides that the appeal must be made in "ten calendar days." Finally, the Unemployment Insurance Claimant Guide, which is given to all claimants, very specifically states that any appeal must be made within "ten calendar days"

---

7. *See Kirkwood,* 709 P.2d at 1158 (claimant's "stress due to family problems," causing six-month delay in filing appeal, is insufficient to show good cause); *Wood,* 680 P.2d at 39 (delay in mail delivery to claimant's home in Alaska coupled with claimant's failure to explain three-week delay in filing appeal is insufficient to show good cause); *Thiessens,* 663 P.2d at 73 (claimant's five-year delay in filing appeal, arguing he never received notice of department's decision, was insufficient to show good cause in view of fact that claimant's tax refund checks

had been garnished and numerous mailed notices had never been returned); *Arevalo,* 745 P.2d at 848–49 (claimant's delay of over three months in filing appeal absent reliance on misleading statements by the department or a request for permission to file late is insufficient to show good cause); *but see Pacheco,* 717 P.2d at 714 (court found good cause for untimely appeal because hearing officer misled claimant by failing to inform claimant that delay would foreclose appeal).

from the date the decision was mailed. Thus, the claimant was clearly advised and the appropriate rules clearly require that an appeal of an adverse ruling on unemployment benefit eligibility must be appealed within ten calendar days.

We cannot say the Board's decision that Armstrong did not demonstrate good cause for her late filing was unreasonable. The notice clearly stated she had ten calendar days, not ten working days, in which to appeal.

The Washington appellate court rejected an argument similar to Armstrong's in *Rasmussen v. Employment Security Department*, 30 Wash.App. 671, 638 P.2d 100 (1981), *aff'd*, 98 Wash.2d 846, 658 P.2d 1240 (1983) (en banc). The Court of Appeals of Washington stated: "We see nothing in the notice defining her right to appeal which would have misled her into believing that she had 10 working days, as contrasted to 10 calendar days. If there was any doubt, she could have verified the language with a telephone call to the Department." *Id.*, 638 P.2d at 102. We agree with the Washington court that the phrase "ten calendar days" is not ambiguous.

Armstrong's letter of appeal needed to be only a short, simple statement of her "grounds for appeal and the relief she requested." Additional preparation and notarization of documents were not necessary. She never established what information she needed but could not locate in order to write a timely letter of appeal.

## AMBIGUITY OF NOTICE AS TO APPEAL TIME

■ Armstrong next contends the rules governing appeals are ambiguous in advising claimants of the time limit for appeals. She notes that, while clearly stating the time limitation is ten calendar days, the rules also provide that a late appeal may be accepted for good cause. She, thus, argues the rules encourage "a false sense of generosity with regard to filing limits."

Whatever the rules themselves may imply, Armstrong's notice denying unemployment benefits contained the following information, with our emphasis, which offers no false hope of generosity:

RIGHT TO APPEAL—If you believe this decision is incorrect, appeal in person or by mail to any Job Service office or to: Appeals Section; P.O. Box 11600; Salt Lake City, Utah 84147. *You must appeal within 10 calendar days after this decision was mailed.* YOUR LETTER MUST SHOW THE DATE YOU MAILED IT AND YOUR NAME AND SOCIAL SECURITY NUMBER. STATE THE GROUNDS FOR YOUR APPEAL AND THE RELIEF YOU ARE REQUESTING.
DATE MAILED 02/19/91

Armstrong's notice did not include the fact that the Board has chosen to review late appeals to determine if good cause existed for excusing their untimeliness. She does not claim to have relied on her review of agency regulations in delaying her appeal. Therefore, we conclude Armstrong had clear notice that her appeal must be filed within ten calendar days.

## DUE PROCESS

■ Finally, Armstrong claims she was misled because the administrative law judge took evidence on the merits of her case as well as on the timeliness issue during the first hearing. As a result, she failed to advise her attorney, prior to the continued hearing, that the timeliness of her appeal was still questionable. At the continued hearing, only the merits of her case were addressed.

At the close of his colloquy with Armstrong concerning the untimeliness of her appeal, the administrative law judge stated:

What I am going to do is consider the timeliness question on this Ms. Armstrong, because without jurisdiction on timeliness, I can't consider the merits of the case. But what we will do because both parties are present and all evidence available to the hearing, we will go ahead with the statement. Should jurisdiction be permitted as far as the Administrative Law Judge is concerned, then we will have that as a record and will not have to reconvene and bring everybody back. So we will go forward with the testimony

today and make that a part of the record and I will consider the timeliness and determine from that whether I can consider the merits.

The administrative law judge did not mislead Armstrong such that her right to a fair hearing was jeopardized.

■ Armstrong also argues her due process rights were compromised by the short duration of the appeals period. We disagree. The Utah Supreme Court previously rejected this argument in addressing the short statutory appeals period for those appealing judgments from small claims courts. Before a 1988 amendment increased the appeals period to ten days, an appellant had only five days in which to appeal a small claims court judgment. Nevertheless, the supreme court found this time period did not deprive appellants of their constitutional rights. *See, e.g., Larson Ford Sales, Inc. v. Silver*, 551 P.2d 233, 233 (Utah) (small claims court appellant having five days to appeal is not denied equal protection and is "given a reasonable time within which to take an appeal"), *appeal dismissed* 429 U.S. 909, 97 S.Ct. 299, 50 L.Ed.2d 277 (1976); *accord Hume v. Small Claims Court*, 590 P.2d 309, 311 (Utah 1979); *see also Kapetanov v. Small Claims Court*, 659 P.2d 1049, 1052 (Utah 1983) (small claims courts' five-day appeals period does not offend due process and fact that other civil appellants have a thirty-day appeals period "is of no consequence").

## CONCLUSION

We conclude the Board did not err in declining to address the merits of Armstrong's untimely appeal. Armstrong failed to demonstrate good cause for filing her appeal late, the deadline for filing an appeal is not ambiguous, and Armstrong's constitutional rights were not jeopardized. Therefore, we affirm.

ORME and RUSSON, JJ., concur.