IN THE UTAH COURT OF APPEALS

----ooOoo----

Meriah Seth Morris,                    )          PER CURIAM DECISION
                                       )
        Petitioner,                    )          Case No. 20120663-CA
                                       )
v.                                     )                F I L E D
                                       )           (October 18, 2012)
Department of Workforce Services,      )
                                       )          2012 UT App 293
        Respondent.                    )

-----

Original Proceeding in this Court

Attorneys:      Meriah Seth Morris, Spanish Fork, Petitioner Pro Se
                Amanda B. McPeck, Salt Lake City, for Respondent

-----

Before Judges McHugh, Voros, and Roth.

¶1      Meriah Seth Morris petitions for review of the final order of the Workforce Appeals Board (the Board), which determined that Morris's appeal of the Department of Workforce Service's (the Department) initial denial of benefits was untimely without good cause, thereby depriving the agency of jurisdiction. This matter is before the court on its sua sponte motion for summary disposition based on the lack of a substantial question for review. Morris did not file a response to the motion.

¶2      An appeal of the Department's initial ruling must be filed or postmarked within ten calendar days of the date of the decision, unless the decision is mailed, in which case an additional five calendar days is added to the period to file an appeal. *See* Utah Admin. Code R994-508-102. A late appeal may be considered by the Administrative Law Judge (ALJ) if a claimant can show good cause for the delay. *See Autoliv ASP, Inc. v. Workforce Appeals Bd.*, 2000 UT App 223, ¶ 12, 8 P.3d 1033. Good cause for delay in filing an appeal is limited to circumstances where the claimant received the determination

after the time to appeal had run, the delay was caused by circumstances beyond the claimant's control, or the claimant filed late under circumstances that were compelling and reasonable. *See* Utah Admin. Code R994-508-104.

¶3 Here, Morris acknowledged that he did not file a timely appeal. Morris's sole reason for not timely filing an appeal of the Department's initial decision was that he was still working through his union in an attempt to get his job back. Both the ALJ and the Board determined that this did not constitute good cause. Morris controlled whether or not he filed an appeal, and he could have continued along both tracks.

¶4 "The ultimate decision as to whether good cause exists is a mixed question of law and fact," and the agency's decision will not be set aside "if it is reasonable." *Armstrong v. Department of Emp't Sec.*, 834 P.2d 562, 565 (Utah Ct. App. 1992). Based upon the totality of facts presented to the ALJ, we cannot say that the Board's determination that Morris lacked good cause for filing an untimely appeal was unreasonable. *Cf. id.* at 567 (determining that a party who filed an appeal one day late because she confused working days and calendar days did not demonstrate good cause for the untimely filing); *Kirkwood v. Department of Emp't Sec.*, 709 P.2d 1158 (Utah 1985) (per curiam) (affirming the Board's decision that the claimant's claim of stress from family issues was insufficient to demonstrate good cause for filing an untimely appeal). Therefore, because Morris failed to demonstrate that he had good cause for the late filing, the ALJ lacked jurisdiction to hear the appeal. *See* Utah Admin. Code R994-508-103; *Autoliv*, 2000 UT App 223, ¶ 12.

¶5 Accordingly, we decline to disturb the decision of the Board.


_____
Carolyn B. McHugh, Judge


_____
J. Frederic Voros Jr., Judge


_____
Stephen L. Roth, Judge