2014 UT App 149

**Lisa C. ANDERSON, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES, Respondent.**

No. 20140294–CA.

Court of Appeals of Utah.

June 26, 2014.

Lisa C. Anderson, Petitioner pro se.

Suzan Pixton, Attorney for Respondent.

Before Judges J. FREDERIC VOROS JR., JOHN A. PEARCE, and RUSSELL W. BENCH.[1]

PER CURIAM:

¶ 1 Petitioner Lisa C. Anderson seeks judicial review of a decision of the Workforce Appeals Board (the Board) determining that her appeal of the initial decision of the Department of Workforce Services was untimely and that Anderson failed to demonstrate good cause for the late filing. This case is before the court on a sua sponte motion for summary disposition.

¶ 2 In its December 20, 2013 decision, the Department determined that Anderson was ineligible for unemployment benefits because she voluntarily quit her employment. Anderson received the decision electronically on December 20, 2013. The decision contained a notice that any appeal must be in writing and must be received or postmarked on or before January 6, 2014. The notice also stated that an appeal received or postmarked after January 6 could be considered only if good cause for the late filing was established. Anderson did not file her appeal of the initial Department decision until January 7, 2014.

¶ 3 The Department's administrative rules permit an appeal from a Department decision to be filed within fifteen calendar days from the date listed on the decision. Utah Admin. Code R994–508–102.[2] "A late

---

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

2. Utah Code section 35A–4–406(3)(a) allows a claimant who is denied unemployment benefits just ten days to appeal the Department's decision. Utah Code Ann. § 35A–4–406(3)(a) (Lexis-Nexis 2011). We do not determine whether the statutory time period may be altered by administrative rule because the time for appeal was calculated under the rule and stated within the Department's decision, and Anderson failed to file her appeal within that more generous time period.

appeal may be considered on its merits if it is determined that the appeal was delayed for good cause." *Id.* R994–508–104. Good cause may be established if the decision is not received until after the time for appeal has expired and the appeal is filed within ten days of the decision's receipt. *Id.* There is no dispute that Anderson received the decision on December 20, 2013, within the time for filing an appeal. Accordingly, good cause in this case would be limited to the circumstances where it is shown either that the delay in filing the appeal was due to circumstances beyond Anderson's control or that Anderson delayed filing the appeal due to circumstances that were compelling and reasonable. *Id.* "The ultimate decision as to whether good cause exists is a mixed question of law and fact." *Armstrong v. Department of Emp't Sec.*, 834 P.2d 562, 565 (Utah Ct.App.1992). We apply a deferential standard of review to a mixed question of fact and law when "the mixed finding is not 'law-like' because it does not lend itself to consistent resolution by a uniform body of appellate precedent" or when it "is 'fact-like' because the [factfinder] is in a superior position to decide it." *Jex v. Labor Comm'n*, 2013 UT 40, ¶ 15, 306 P.3d 799 (citation and internal quotation marks omitted). We therefore accord deference to the decision that Anderson did not demonstrate good cause for filing a late appeal.

¶ 4 Anderson argued before an Administrative Law Judge (the ALJ) that her appeal was filed late because she did not have access to a personal computer. The Board adopted the ALJ's finding that this assertion was not credible given the fact that Anderson filed weekly benefit claims on January 1 and January 6, 2014, during the appeal period. In addition, Anderson admitted that computers were available at the employment center but that she chose not to wait until a computer became available. The Board also rejected Anderson's argument that she did not understand how to file an appeal because the instructions for filing were contained in the decision, and she also could have mailed or faxed an appeal letter or delivered a handwritten appeal to a Department employee at the employment center. The Board concluded that Anderson did not establish that she was prevented from filing an appeal due to circumstances beyond her control or for reasons that were compelling and reasonable and therefore did not establish good cause for the late filing. Anderson claims for the first time before this court that her untimely appeal was the result of her injury in an accident and the death of two family members. Because these claims were not presented to the ALJ or the Board as a basis for the late filing of her appeal, we do not consider them.

¶ 5 We decline to disturb the decision of the Workforce Appeal Board that Anderson's appeal of the initial Department decision was untimely and that she did not establish good cause for the late appeal.