2000 Utah Ct. App. 223

**AUTOLIV ASP, INC., Petitioner,**

v.

**WORKFORCE APPEALS BOARD, Department of Workforce Services; and Jon C. Edwards, Respondents.**

No. 981640–CA.

Court of Appeals of Utah.

July 20, 2000.

Janet Hugie Smith, Lisa Yerkovich, and Paul C. Burke, Ray Quinney & Nebeker, Salt Lake City, for Petitioner.

Suzan Pixton, Department of Workforce Services, Salt Lake City, for Respondent DWS.

Randall G. Phillips, Ogden, for Respondent Edwards.

Before GREENWOOD, P.J., JACKSON, Associate P.J., and ORME, J.

## OPINION

JACKSON, Associate Presiding Judge:

¶ 1 Autoliv ASP, Inc. (Autoliv) appeals from a decision of the Workforce Appeals Board awarding unemployment benefits to Jon C. Edwards. We reverse on the ground that Edwards did not present good cause for filing his appeal to the Department of Workforce Services (DWS) late, and therefore DWS did not have jurisdiction to hear his appeal.

## BACKGROUND

¶ 2 Edwards worked for Autoliv as an assembler. On April 1, 1998 Edwards reported to work smelling of alcohol. Under Autoliv's procedures, Edwards was asked to take a drug test. The test results came back a few days later as positive for alcohol and cocaine.[1] Autoliv thus fired Edwards on April 6, 1998.

¶ 3 Soon thereafter, Edwards filed for unemployment benefits with DWS. On May 21, 1998 Edwards received a Notice of Claimant Eligibility from DWS, stating that he would be awarded unemployment benefits, and a check for $717. The very next day, Edwards received a letter from DWS stating that his claim had been denied because he was terminated for just cause. Also on May 22, under separate cover, Edwards received a Notice of Unemployment Benefit Overpayment, stating that he must repay the $717 he had just received.

¶ 4 Both May 22 communications described, under a section marked "RIGHT TO APPEAL," the procedure for appealing the decision. Both notices stated that "[y]ou must appeal in writing within 10 calendar days after this decision was mailed. YOUR APPEAL MUST BE SIGNED BY YOU AND SHOW THE DATE MAILED OR SENT BY FAX AND YOUR NAME AND SOCIAL SECURITY NUMBER. STATE THE GROUNDS FOR YOUR APPEAL AND THE RELIEF YOU ARE REQUESTING." Disturbed by DWS's abrupt reversal, Edwards consulted an attorney within the ten-day appeals period. The attorney did some research and prepared a brief to appeal DWS's denial of benefits. However, the appeal was filed on June 10, 1998, six days after the June 4 deadline to appeal.

¶ 5 A hearing was held before a DWS administrative law judge (ALJ) on July 7, 1998. At that hearing, Edwards argued the contrary notices from DWS justified his late filing. Edwards's attorney testified that he was concerned that the conflicting notices

---

1. The only evidence of drug use in the record is a "Drug Test Report" showing Edwards tested positive on a "9–drug with alcohol" screen and an assertion that Edwards admitted to having used cocaine. No one testified as to what levels of alcohol or cocaine were found in Edwards's system. A chain of custody report that showed the actual levels of alcohol and cocaine in Edwards's system did not make it into the record.

raised a due process issue, and that he needed "to do some fairly in[-]depth research" on the subject. The attorney acknowledged that although he was aware of the ten-day time limit for appealing, "from reading the [Utah] Code, it appears that ... the decision does not become actually final and graved [sic] in stone until thirty days after the original decision."

¶ 6 The ALJ issued a decision on July 9. On the issue of timeliness, the ALJ found that Edwards's

attorney spent several days researching information in a local law library regarding precedent cases where individuals had been allowed benefits and then denied without additional due process. The attorney understood from reading the Utah Administrative Procedures Act that he had 30 days to file an appeal before the Department's decision became final.

¶ 7 Based on these findings, the ALJ concluded that Edwards had presented good cause for filing late, thus allowing the ALJ to retain jurisdiction. Specifically, the ALJ concluded that

the claimant's attorney had reason to believe through his reading of the Utah Administrative Procedures Act that he had 30 days to act on the initial decisions issued to his client by the Department. The claimant certainly acted in good faith by retaining legal counsel to represent him before the Department on the issue of his eligibility to receive unemployment insurance benefits. Under these special circumstances, the administrative law judge concludes the claimant did not fail without good cause to file a timely appeal, and the case therefore will be considered on its merits.

Reaching the merits of the case, the ALJ concluded Autoliv did not show just cause for firing Edwards, and thus reversed the denial of benefits.

¶ 8 Autoliv appealed to the Workforce Appeals Board (Board). On September 11, 1998 the Board issued a decision upholding the ALJ's ruling and adopting in full the ALJ's factual findings. Regarding the timeliness of Edwards's appeal, the Board concluded that

[t]he [ALJ] found good cause for the late filing due in part to the unusual and perhaps confusing nature of the Department's actions. The first Department decision was dated and mailed on May 21, 1998 together with benefit checks totaling $717.00. The second Department decision, this one denying benefits, was sent on May 22, 1998. Apparently under separate cover, a "Notice of Unemployment Benefit Overpayment" was also mailed to the claimant on May 22, 1998. This notice treated the overpayment as a "fault" overpayment without making any findings or explanation as to how or why the claimant was at fault as required by Department rule. If for no other reason, the [ALJ] had an obligation to assume jurisdiction over the appeal to take evidence on the issue of fault. Having assumed jurisdiction to correct an agency oversight, it was appropriate for the [ALJ] to rectify other inconsistencies in the record. The Board finds that there was good cause for allowing the untimely appeal in this case.

¶ 9 Autoliv appealed the Board's decision to this court. Autoliv submitted its opening brief, which noted defects in the record. We granted the parties's joint motion to remand for further proceedings to complete the record at the agency.[2] On September 21, 1999 the Board issued a written opinion affirming its earlier decision.

## ISSUE AND STANDARD OF REVIEW

¶ 10 Although Autoliv presented four issues on appeal, we reach only the issue of whether Edwards presented good cause for filing his appeal late.[3]

---

2. Specifically, because of problems with the recording of the hearing before the ALJ, Autoliv's cross-examination of Edwards could not be transcribed. We remanded to allow Autoliv to cross-examine Edwards again. These proceedings were held before a different ALJ, and no findings of fact were issued.

3. The other issues were: Whether the Board afforded Autoliv a fair hearing, whether the Board's findings were adequate, and whether Autoliv presented competent evidence to establish just cause for terminating Edwards.

¶ 11 We affirm the ALJ's factual findings underlying its determination of good cause only " 'if they are "supported by substantial evidence when viewed in light of the whole record before the court." ' " *Armstrong v. Department of Employment Sec.*, 834 P.2d 562, 565 (Utah Ct.App.1992) (citations omitted). " 'Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." ' " *Id.* (citations omitted). "The ultimate decision as to whether good cause exists is a mixed question of law and fact and should be affirmed only if it is reasonable." *Id.*

## ANALYSIS

¶ 12 A claimant who has been denied unemployment benefits "may file an appeal from the determination with the Division of Adjudication within ten days after the date of mailing of the notice of determination." Utah Code Ann. § 35A-4-406(3)(a) (1997).

> If a decision issued by the Department [of Workforce Services] is mailed, three days are added to the time prescribed by the Act for filing the appeal. Therefore, the amount of time permitted for filing an appeal from any decision that is mailed by the Department is thirteen calendar days unless otherwise specified on the decision or by the Act.

Utah Code Admin. P. R994-406-304 (2000). If the claimant does not file an appeal within the time permitted, he or she has the chance to show good cause for filing late.

> Good cause is limited to circumstances where it is shown that:
>
> (a) the appeal was filed within 10 days of actual receipt of the decision if such receipt was beyond the original appeal period and not the result of willful neglect; or
>
> (b) the delay in filing the appeal was due to circumstances beyond the control of the appellant; or

> (c) the appellant delayed filing the appeal for circumstances which were compelling and reasonable.

*Id.* R994-406-308. If the appellant does not show good cause for filing late, the ALJ does not have jurisdiction to hear the appeal.[4] *See id.* R994-406-307.

¶ 13 Of the possible grounds for showing good cause, subsection (c) is the only ground that could apply to Edwards's case. Thus, we must decide whether Edwards presented "compelling and reasonable" circumstances to justify his late filing. If not, the agency did not have jurisdiction to hear his appeal. Autoliv argues the circumstances of Edwards's late filing do not amount to good cause under Rule 994-406-308. DWS contends that Edwards's late filing was reasonable, considering the conflicting notices sent by DWS.

¶ 14 Our analysis is governed by *Armstrong v. Department of Employment Security*, 834 P.2d 562 (Utah Ct.App.1992). In *Armstrong*, the claimant filed her appeal one day late. *See id.* at 564. The claimant, acting pro se, argued "she was confused by the term 'calendar days' in the notice of her appeal rights, somehow taking it to mean 'working days,' and she reasonably needed extra time to gather materials to support her appeal." *Id.* at 566. Both the ALJ and the Board concluded in *Armstrong* that this did not present good cause for filing late. *See id.* This court agreed, noting that the letter sent to the claimant "clearly stated she had ten calendar days, not ten working days, in which to appeal." *Id.* at 567.

¶ 15 Applying *Armstrong*, we conclude that Edwards did not present good cause for filing late. First, Edwards's circumstances were not compelling. Unlike the claimant in *Armstrong*, Edwards was represented by an experienced attorney.[5] Moreover, the *Armstrong* claimant filed only one day late,

---

4. The only exceptions are that the ALJ can assume jurisdiction because of a change of condition or mistake as to material facts. *See* Utah Code Ann. § 35A-4-406(2) (1997). "Change of conditions" and "mistake as to facts" are defined in Utah Code Admin. P. R994-406-202(1)(a) and (b) (2000), neither of which applies to the facts of this case.

5. The record shows that Edwards's attorney had no slight experience with similar matters, having handled more than 10 unemployment insurance appeals in the previous three years and more than 50 appeals from other administrative agencies in the previous six years.

whereas Edwards missed the deadline by six days. We are not inclined to hold a pro se claimant to strict compliance with the law while treating an attorney's mistake with more leniency.

¶ 16 Second, Edwards's attorney's mistake as to the law was not reasonable. The notices sent to Edwards, the relevant sections of the Utah Code, and the administrative rules all clearly state that an appeal must be filed within ten days. *See* Utah Code Ann. § 35A–4–406(3)(a) (1997); Utah Code Admin. P. R994–406–304 to –306 (2000). Edwards's attorney argued his reading of the Utah Administrative Procedures Act (UAPA) confused him as to the time allowed to appeal. However, UAPA states clearly in its first section that it "does not govern . . . the initial determination of any person's eligibility for unemployment benefits." Utah Code Ann. § 63–46b–1(2)(i) (Supp.1999).

¶ 17 Moreover, Edwards's "letter of appeal needed to be only a short, simple statement of [his] 'grounds for appeal and the relief [he] requested.'" *Armstrong,* 834 P.2d at 567. Edwards's attorney could have timely filed this short notice and then researched any due process issues that might have been raised by the conflicting notices.

¶ 18 Finally, we reject the Board's contention that the ALJ was required to assume jurisdiction to hear evidence on the issue of fault. Because Edwards's appeal was not timely filed, the agency did not have jurisdiction to consider the issue of fault. *See* Utah Code Admin. P. R994–406–307 (2000).

### CONCLUSION

¶ 19 We conclude Edwards failed to present compelling and reasonable circumstances for not filing his appeal within ten days of the notice denying him unemployment benefits. Accordingly, DWS did not have jurisdiction to hear Edwards's appeal.

¶ 20 Reversed.

¶ 21 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, and GREGORY K. ORME, Judge