2011 UT App 33

**David D. CARR, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES, Respondent.**

No. 20100768–CA.

Court of Appeals of Utah.

Jan. 27, 2011.

David D. Carr, Salt Lake City, Petitioner Pro Se.

Suzan Pixton, Salt Lake City, for Respondent.

Before Judges ORME, VOROS, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 David D. Carr seeks judicial review of the Workforce Board of Appeals's (Board) August 19, 2010 decision. This matter is before the court on a sua sponte motion for summary disposition. We decline to disturb the Board's decision.

¶ 2 A claimant who has been denied unemployment benefits may file an appeal with the Division of Adjudication within ten days of the original determination. *See* Utah Code Ann. § 35A–4–406(3)(a) (2005). If the claimant does not file an appeal within the prescribed time, the claimant must demonstrate good cause for filing the late appeal. *See Autoliv ASP, Inc. v. Workforce Appeals Bd.*, 2000 UT App 223, ¶ 12, 8 P.3d 1033. Good cause is strictly limited to circumstances where: (1) the appellant received the decision after the expiration of time for filing the appeal, the appeal was filed within ten days of actual receipt of the decision, and the delay was not the result of willful neglect; (2) the delay in filing the appeal was due to

circumstances beyond the appellant's control; or (3) the appellant delayed filing the appeal for circumstances which were compelling and reasonable. *See* Utah Admin. Code R994–508–104; *see also Autoliv ASP, Inc.*, 2000 UT App 223, ¶ 12, 8 P.3d 1033. If the appellant does not demonstrate good cause for his or her late filing, the ALJ does not have jurisdiction to hear the appeal. *See Autoliv ASP, Inc.*, 2000 UT App 223, ¶ 12, 8 P.3d 1033.

¶ 3 On October 18, 2001, the Department of Workforce Services (Department) determined that Carr committed fraud by improperly reporting his work and earnings. The decision also established an overpayment, penalty, and disqualification period. The decision was mailed to Carr's address of record. Carr was required to appeal the decision within ten days. *See* Utah Code Ann. § 35A–4–406(3)(a). The record indicates that Carr did not file his appeal until June 9, 2010, nearly nine years later. On June 28, 2010, the Administrative Law Judge (ALJ) determined that Carr's appeal was untimely and that Carr failed to demonstrate good cause for filing an untimely appeal. Carr timely appealed the ALJ's decision to the Board. The sole issue before the Board was whether Carr had good cause for filing an untimely appeal.

¶ 4 This court will not disturb the Board's conclusion regarding the application of law to facts unless it "exceeds the bounds of reasonableness and rationality." *Nelson v. Department of Emp't Sec.*, 801 P.2d 158, 161 (Utah Ct.App.1990). In reviewing the Board's decision, it is not this court's role to re-weigh the evidence and determine if the outcome was correct. *See Bradley v. Payson City Corp.*, 2003 UT 16, ¶ 15, 70 P.3d 47. Rather, we are charged with determining whether there was substantial evidence supporting the Board's decision, and whether such evidence is adequate to convince a reasonable mind to support such conclusion. *See id.*

¶ 5 Carr asserts that in 2002 he contacted the Department to appeal the decision and that he believed that the matter was resolved until recently when his paycheck was garnished. The Board determined that Carr's claim that he contacted the Department to appeal the decision was not credible. The Board determined that in 2002, Carr made voluntary payments on the fraud overpayment and authorized his employer to deduct payments to be made for the fraud overpayment. The Board determined that Carr would not have made voluntary payments if he genuinely believed that he was not liable for the overpayment. The Board also determined that Carr's claims that he did not know about the decision prior to the garnishment, and that he had previously appealed the decision were not credible.

¶ 6 The Board concluded that Carr had notice of the fraud determination and that he could have filed a timely appeal. The Board also determined that Carr did not demonstrate good cause for failing to file a timely appeal.

¶ 7 The record supports the Board's determination that Carr's appeal to the ALJ was untimely and without good cause. Carr did not demonstrate that he received the October 18, 2001 decision after the expiration of time for filing the appeal, that the untimely appeal was due to circumstances beyond his control, or that there was a compelling or reasonable explanation for his failure to timely file an appeal. There is substantial evidence supporting the Board's determination that Carr lacked good cause to excuse his untimely appeal. The evidence is sufficient to convince a reasonable mind that Carr lacked good cause for filing an untimely appeal. *See id.* Because Carr did not demonstrate good cause for filing an untimely appeal, the Board did not err in determining that it lacked jurisdiction to consider the merits of his appeal.

¶ 8 Accordingly, the Board's August 19, 2010 decision is affirmed.[1]

---

1. On appeal, Carr raises issues beyond the scope of the issue before the Board, which was whether

Carr lacked good cause for filing an untimely appeal under Utah Admin. Code R994–508–104.

Accordingly, we decline to address them.