2011 UT App 64

**Steven J. VAN OTTEN, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES, Workforce Appeals Board, Respondent.**

No. 20110006–CA.

Court of Appeals of Utah.

March 10, 2011.

Steven J. Van Otten, Taylorsville, Petitioner Pro Se.

Amanda B. McPeck, Salt Lake City, for Respondent.

Before Judges ORME, VOROS, and ROTH.

## DECISION

PER CURIAM:

¶ 1 Steven J. Van Otten petitions for review of the Workforce Appeals Board's (the Board) final decision determining that his initial appeal was untimely filed, thereby depriving the Division of Adjudication of jurisdiction over his appeal. This is before the court on its own motion for summary disposition based on the lack of a substantial question for review.

¶ 2 Van Otten was denied unemployment benefits. In the notification of the decision, his appeal rights were specifically stated, including the date by which any appeal must be received. Van Otten did not file his appeal from that decision until two weeks after his appeal time had expired.

¶ 3 A claimant may appeal the determination of benefits by filing an appeal with the Division of Adjudication. *See* Utah Code Ann. § 35A–4–406(3)(a) (2005). The timely filing of an appeal is jurisdictional. *See Autoliv ASP, Inc. v. Workforce Appeals Bd.,* 2000 UT App 223, ¶ 18, 8 P.3d 1033. Under Department of Workforce Services rules, however, an untimely appeal may be considered if good cause is shown for the delay in filing. *See* Utah Admin. Code R994–508–104; *Autoliv ASP, Inc.,* 2000 UT App 223, ¶ 12, 8 P.3d 1033. Good cause may be shown where

(1) the appellant received the decision after the expiration of the time limit for filing the appeal, the appeal was filed within ten days of actual receipt of the decision and the delay was not the result of willful neglect;

(2) the delay in filing the appeal was due to circumstances beyond the appellant's control; or

(3) the appellant delayed filing the appeal for circumstances which were compelling and reasonable.

Utah Admin. Code R994–508–104.

¶ 4 After a hearing on his appeal, the administrative law judge determined that Van Otten did not establish good cause for his delay in filing his appeal and, accordingly, that there was no jurisdiction to consider his appeal. Although Van Otten asserts that he is entitled to unemployment benefits, he does not challenge this jurisdictional determination. Accordingly, there is no substantial question for review. Because the administrative law judge, and subsequently the Board, lacked jurisdiction over the appeal, there was no error in dismissing it.

¶ 5 We uphold the Board's decision.