2011 UT App 156

**Tammy KIMBER, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES, Respondent.**

**No. 20110179–CA.**

Court of Appeals of Utah.

May 12, 2011.

David J. Holdsworth, Sandy, for Petitioner.

Amanda B. McPeck, Salt Lake City, for Respondent.

Before Judges DAVIS, McHUGH, and VOROS.

## DECISION

PER CURIAM:

¶ 1 Tammy Kimber appeals the Workforce Appeal Board's (the Board) January 20, 2011 decision. This matter is before the court on a sua sponte motion for summary disposition. We affirm.

¶ 2 Kimber asserts that the Board erred in determining that she lacked good cause for filing an untimely appeal from the Department of Workforce Services' (Department) decision denying her unemployment benefits. A claimant who has been denied unemploy-

ment benefits may file an appeal with the Division of Adjudication within ten days after the date of delivery of the notice. *See* Utah Code Ann. § 35A–4–406(3)(a). If the claimant does not file an appeal within the prescribed time, the claimant must demonstrate good cause for filing a late appeal. *See Autoliv ASP, Inc. v. Workforce Appeals Bd.*, 2000 UT App 223, ¶ 12, 8 P.3d 1033.

¶ 3 Good cause is strictly limited to circumstances where: (1) the appellant received the decision after the expiration of time for filing the appeal, the appeal was filed within ten days of actual receipt of the decision, and the delay was not the result of willful neglect; (2) the delay in filing the appeal was due to circumstances beyond the appellant's control; or (3) the appellant delayed filing the appeal for circumstances which were compelling and reasonable. *See id.* If the appellant does not demonstrate good cause for the late filing, the ALJ does not have jurisdiction to consider the appeal. *See id.*

¶ 4 On September 28, 2010, the Department determined that Kimber was not able and available for full-time work. The Department's decision was required to be appealed by October 13, 2010. Kimber received the notice but she did not file her appeal until October 21, 2010. On November 29, 2010, the ALJ determined that although Kimber suffered from a prior head injury, the ALJ did not find it credible that Kimber lacked the ability to control whether to file her appeal in a timely manner. The ALJ also determined that Kimber failed to demonstrate that the circumstances surrounding her untimely appeal were compelling and reasonable. Thus, the ALJ concluded that Kimber failed to demonstrate good cause for filing an untimely appeal as required by Utah Code section 35A–4–406(3). *See* Utah Code Ann. § 35A–4–406(3).

¶ 5 Kimber appealed to the Board. Kimber conceded that the facts were undisputed. Kimber admitted that she signed the "Opt–In" Agreement whereby she agreed to have her correspondence from the Department sent to her online with an electronic correspondence address (ECA). Kimber claimed that she did not recall checking her ECA and that she did not timely file her appeal by October 13, 2010.

¶ 6 We will not disturb the Board's conclusion regarding the application of law to facts unless it "exceeds the bounds of reasonableness and rationality." *Nelson v. Department of Employment Sec.*, 801 P.2d 158, 161 (Utah Ct.App.1990). The Board considered Kimber's claim that she did not file a timely appeal because she suffered a head injury. Specifically, Kimber claimed that her head injury influenced her ability to understand and follow through with checking her ECA. The Board determined that over the course of a year, Kimber routinely conducted her business with the Department over the internet. The Board found that Kimber had weekly filings over the internet and that she had completed questionnaires regarding her availability for full-time work. The Board also found that in each of these interactions, Kimber was asked a number of questions that she was able to understand and answer. The Board determined that the ECA agreement was no more complicated than the questions that Kimber was able to answer and no more complex than the information Kimber was able to provide to the Department on prior occasions.

¶ 7 The Board concluded that Kimber had the ability to understand the other interactions with the Department that were no more challenging than the Opt–In Agreement. The Board also concluded that it did not find it credible that Kimber's injury prevented her from understanding that her correspondence would be sent to her electronically. Thus, the Board determined that the circumstances surrounding Kimber's late appeal were not compelling or reasonable. The record supports the Board's determination that Kimber's untimely appeal was not due to circumstances beyond her control, or that there was a compelling or reasonable explanation for her failure to timely file an appeal. Kimber fails to demonstrate that the Board's decision exceeded the bounds of reasonableness and rationality.

¶ 8 Kimber also asserts that the Department needs to be more flexible when it comes to the filing of late appeals. The

requirement to file an appeal within ten days after the date of delivery of the notice is mandated by statute. *See* Utah Code Ann. § 35A–4–406(3)(a). Although section 35A–4–406(3)(a) requires a claimant to file an appeal in ten days after the date of delivery of the notice, a claimant filing a late appeal may be excused from this requirement so long as the claimant demonstrates that good cause existed for filing a late appeal. *See Autoliv ASP, Inc.*, 2000 UT App 223, ¶ 12, 8 P.3d 1033. Kimber had a remedy for filing an untimely appeal, but she failed to demonstrate that she had good cause for doing so.

¶ 9 Accordingly, the Board decision is affirmed.[1]

1. Kimber's response to the sua sponte motion for summary disposition briefly addresses the ALJ's comment that if the ALJ had jurisdiction to consider the appeal, the Department's decision would have been affirmed on the merits. However, in Kimber's appeal to the Board, she specifically limited the scope of the Board's review to whether good cause excused her untimely appeal. Thus, we do not reach this issue.