2011 UT App 224

**Jon L. RASMUSSEN, Petitioner,**

**v.**

**DEPARTMENT OF WORKFORCE SER-VICES, WORKFORCE APPEALS BOARD, Respondent.**

No. 20110407–CA.

Court of Appeals of Utah.

July 14, 2011.

Jon L. Rasmussen, Clearfield, Petitioner Pro Se.

Amanda B. McPeck, Salt Lake City, for Respondent.

Before Judges ORME, THORNE, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶ 1 Jon L. Rasmussen petitions for review of the decision of the Workforce Appeals Board (Board) determining that his appeal

---

was untimely without good cause. This is before the court on its own motion for summary disposition based on the lack of a substantial question for review.

¶ 2 Rasmussen was denied unemployment benefits. In the notification of the decision, his appeal rights were specifically stated, including the date by which an appeal must be received. He did not file his appeal from that decision until after his appeal time had expired.

¶ 3 A claimant may appeal the determination of benefits by filing an appeal with the Division of Adjudication. *See* Utah Code Ann. § 35A–4–406(3)(a) (2008). The timely filing of an appeal is jurisdictional. *See Autoliv ASP, Inc. v. Workforce Appeals Bd.*, 2000 UT App 223, ¶ 18, 8 P.3d 1033. Under Department of Workforce Services rules, however, an untimely appeal may be considered if good cause is shown for the delay in filing. *See* Utah Admin. Code R994–508–104; *Autoliv ASP, Inc.*, 2000 UT App 223, ¶ 12, 8 P.3d 1033. Good cause may be shown where:

> (1) the appellant received the decision after the expiration of the time limit for filing the appeal, the appeal was filed within ten days of actual receipt of the decision and the delay was not the result of willful neglect;
>
> (2) the delay in filing the appeal was due to circumstances beyond the appellant's control; or
>
> (3) the appellant delayed filing the appeal for circumstances which were compelling and reasonable.

Utah Admin. Code R994–508–104.

¶ 4 After a hearing on his appeal, the administrative law judge determined that Rasmussen did not establish good cause for his delay in filing his appeal and, accordingly, that there was no jurisdiction to consider his appeal. Although Rasmussen asserts that he is entitled to unemployment benefits, he does not challenge this jurisdictional determination. Accordingly, there is no substantial question for review. Because the administrative law judge, and subsequently the

Board, lacked jurisdiction over the appeal, there was no error in dismissing it.

¶ 5 We uphold the Board's decision.