2011 UT App 306

**Daniel Z. BOHL, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES, Respondent.**

No. 20110502–CA.

Court of Appeals of Utah.

Sept. 9, 2011.

Daniel Z. Bohl, Salt Lake City, Petitioner Pro Se.

Suzan Pixton, Salt Lake City, for Respondent.

Before Judges ORME, VOROS, and ROTH.

DECISION

PER CURIAM.

¶ 1 Daniel Z. Bohl petitions for review of the final order of the Workforce Appeals Board (the Board), which determined that it lacked jurisdiction to consider the merits of his appeal. This matter is before the court on its sua sponte motion for summary disposition based on the lack of a substantial question for review.

¶ 2 The administrative law judge (ALJ) issued three decisions on March 3, 2011, affirming the Department of Workforce Services' previous decisions assessing a fraud overpayment and penalty against Bohl.[1] The ALJ's decision indicated that if Bohl sought to appeal the decisions, he needed to file an appeal with the Board within thirty days of March 3, 2011. Therefore, Bohl was required to file his appeal on or before April 4, 2011. The Board did not receive Bohl's appeal until April 14, 2011. The Board determined that Bohl had not timely filed his

1. One decision dealt with the Department's determination concerning Bohl's ability to work, one decision dealt with the Department's determination concerning the change in benefit amounts as of the date Bohl began receiving disability payments, and one decision dealt with the Department's determination of fraud.

appeal from the decisions of the ALJ. It also determined that Bohl had failed to demonstrate good cause for the untimely appeal. As a result, the Board determined that it did not have jurisdiction to resolve Bohl's appeal.

¶ 3 Good cause for delay in filing an appeal is limited to circumstances where the claimant received the determination after the appeal time had run, the delay was caused by circumstances beyond the claimant's control, or the claimant filed late under circumstances that were compelling and reasonable. *See* Utah Admin. Code R994–508–104. Bohl claimed that he did not file the appeal timely due to a confluence of issues in his personal life. While the Board was sympathetic to the issues Bohl experienced, it determined that none of those issues prevented Bohl from filing a timely appeal. Accordingly, the Board found that Bohl did not have good cause for the untimely filing of his appeal. Bohl has failed to demonstrate that the Board abused its discretion in so finding. *See Armstrong v. Department of Emp't Sec.,* 834 P.2d 562, 567 (Utah Ct.App.1992) (determining that a party who filed an appeal one day late because she confused working days and calendar days did not demonstrate good cause for the untimely filing). Because Bohl failed to demonstrate that he had good cause for the late filing, the Board lacked jurisdiction to hear the appeal. *See* Utah Admin. Code R994–508–103; *Autoliv ASP, Inc. v. Department of Workforce Servs.,* 2000 UT App 223, ¶ 12, 8 P.3d 1033.

¶ 4 The Board's decision stands.