2011 UT App 347

**Matthew D. MACK, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES, WORKFORCE APPEALS BOARD, Respondent.**

No. 20110647–CA.

Court of Appeals of Utah.

Oct. 14, 2011.

Matthew D. Mack, Lehi, Petitioner Pro Se.

Amanda B. McPeck, Salt Lake City, for Respondent.

Before Judges DAVIS, VOROS, and ROTH.

DECISION

PER CURIAM:

¶ 1 Matthew D. Mack petitions for review of the order of the Workforce Appeals Board

(the Board) determining that it lacked jurisdiction due to an untimely filed appeal. This is before the court on its own motion for summary disposition based on the lack of a substantial question for review.

¶ 2 The Department of Workforce Services (the Department) mailed its decisions finding Mack ineligible for unemployment benefits and assessing overpayment and penalty amounts on February 8, 2011. The decisions specified that any appeal must be filed by February 23, 2011. The decisions were mailed to Mack's address of record with the Department. However, Mack had moved several months previously. As a result, he did not receive the decisions until March 7, 2011. He filed his appeal on March 22, 2011, fifteen days after receiving the decisions. After a hearing, the administrative law judge (ALJ) found Mack's appeal to be untimely without good cause. As a result, the ALJ determined that he lacked jurisdiction to consider the appeal further. The Board upheld the ALJ's decision.

¶ 3 This court will reverse an administrative agency's findings of fact "only if the findings are not supported by substantial evidence." *Drake v. Industrial Comm'n,* 939 P.2d 177, 181 (Utah 1997). The ultimate decision of whether good cause exists for an untimely filed appeal will be affirmed if it is reasonable. *See Armstrong v. Department of Emp't Sec.,* 834 P.2d 562, 565 (Utah Ct. App.1992).

¶ 4 A claimant may appeal the Department's determination of benefits by filing an appeal with the Division of Adjudication. *See* Utah Code Ann. § 35A–4–406(3)(a) (2008). The timely filing of an appeal is jurisdictional. *See Autoliv ASP, Inc. v. Workforce Appeals Bd.,* 2000 UT App 223, ¶ 18, 8 P.3d 1033. Under Department rules, however, an untimely appeal may be considered if good cause is shown for the delay in filing. *See* Utah Admin. Code R994–508–104; *Autoliv ASP, Inc.,* 2000 UT App 223, ¶ 12, 8 P.3d 1033. Good cause may be shown where

(1) the appellant received the decision after the expiration of the time limit for filing the appeal, the appeal was filed within ten days of actual receipt of the decision and the delay was not the result of willful neglect;

(2) the delay in filing the appeal was due to circumstances beyond the appellant's control; or

(3) the appellant delayed filing the appeal for circumstances which were compelling and reasonable.

Utah Admin. Code R994–508–104.

¶ 5 In this case, it is clear that Mack did not receive the decisions until after the time for appeal had expired. The ALJ found that the date of "actual receipt" of the decisions was March 7, 2011, when Mack obtained them from the current occupant of the address that the Department had on record for Mack. This finding is supported by substantial evidence in the record. Mack acknowledges that he received the decisions on March 7, and includes that date in documents filed relating to his appeals. Accordingly, the date of actual receipt is well established.

¶ 6 Mack failed to file his appeal within ten days after actual receipt. As a result, his appeal was untimely without good cause under Department rules. *See id.* R994–508–104(1). Once Mack received the decisions, his actions were under his own control. The ALJ's determination that there was no good cause for Mack's untimely appeal is supported by substantial evidence and is reasonable. The Board's order upholding the ALJ's decision is likewise reasonable. Accordingly, we decline to disturb the Board's decision.

¶ 7 Affirmed.