IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| John Wight, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20111022-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (March 8, 2012) |
| Department of Workforce Services, | ) | |
| | ) | 2012 UT App 67 |
| Respondent. | ) | |

-----

Original Proceeding in this Court

Attorneys:     John Wight, Provo, Petitioner Pro Se
              Jaceson R. Maughan, Salt Lake City, for Respondent

-----

Before Judges McHugh, Voros, and Orme.

¶1     John Wight petitions for review of the final order of the Workforce Appeals Board (the Board), which determined that it lacked jurisdiction to consider the merits of his appeal.  This matter is before the court on its sua sponte motion for summary disposition based on the lack of a substantial question for review.

¶2     The administrative law judge (ALJ) issued its decision on August 30, 2011, affirming the Department of Workforce Services' previous finding that Wight had received earnings while receiving unemployment benefits and that he committed fraud by failing to report these earnings.  The ALJ's decision indicated that if Wight sought to appeal the decision, he needed to file an appeal with the Board within thirty days of August 30, 2011.  Therefore, Wight was required to file his appeal on or before

September 29, 2011. The Board did not receive Wight's appeal until September 30, 2011. After receiving the appeal, the Board requested information concerning why his appeal was untimely. After reviewing his response, the Board determined that Wight had not timely filed his appeal from the decisions of the ALJ. It also determined that Wight had failed to demonstrate good cause for the untimely appeal. As a result, the Board determined that it did not have jurisdiction to resolve Wight's appeal.

¶3     A late appeal may be considered by the Board if a claimant can show good cause for the delay. *See Autoliv ASP, Inc. v. Workforce Appeals Bd.*, 2000 UT App 223, ¶ 12, 8 P.3d 1033. Good cause for delay in filing an appeal is limited to circumstances where the claimant received the determination after the appeal time had run, the delay was caused by circumstances beyond the claimant's control, or the claimant filed late under circumstances that were compelling and reasonable. *See* Utah Admin. Code R994-508-104. Wight claimed that he did not file the appeal timely because he did not receive the decision until September 6, 2011, that he had medical issues on September 13, 2011, and that he did not have access to reliable transportation or access to a fax machine until September 30, 2011.

¶4     The Board determined that none of those issues prevented Wight from filing a timely appeal. Specifically, the Board determined that the ALJ's decision was clear that Wight's right to appeal ran from the issuance of the decision, not receipt. Further, the Board determined that Wight's medical issues occurred well before his appeal was due and, as such, did not prevent him from filing a timely appeal. Finally, the Board found that Wight was not required to drive from Provo to Salt Lake City to file his appeal; he could have filed his appeal over the internet or via facsimile. And while Wight did not own a fax machine or have ready access to the internet, he would have been allowed to use such equipment at his local employment center free of charge. Accordingly, the Board found that Wight did not have good cause for the untimely filing of his appeal.

¶5     Wight has failed to demonstrate that the Board abused its discretion in so finding. *See Armstrong v. Department of Emp't Sec.*, 834 P.2d 562, 567 (Utah Ct. App. 1992) (determining that a party who filed an appeal one day late because she confused working days and calendar days did not demonstrate good cause for the untimely filing). Because Wight failed to demonstrate that he had good cause for the late filing,

the Board lacked jurisdiction to hear the appeal. *See* Utah Admin. Code R994-508-103; *Autoliv ASP*, 2000 UT App 223, ¶ 12.

¶6      The Board's decision stands.


_____
Carolyn B. McHugh,
Presiding Judge


_____
J. Frederic Voros Jr.,
Associate Presiding Judge


_____
Gregory K. Orme, Judge