IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Trent Tyson Giles, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20120065-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (March 15, 2012) |
| Department of Workforce Services, | ) | |
| | ) | 2012 UT App 73 |
| Respondent. | ) | |

-----

Original Proceeding in this Court

Attorneys:    Trent Tyson Giles, Tooele, Petitioner Pro Se
              Amanda B. McPeck, Salt Lake City, for Respondent

-----

Before Judges McHugh, Voros, and Orme.

¶1      Trent Tyson Giles seeks judicial review of a decision of the Workforce Appeals Board (the Board), which affirmed the decision of the Administrative Law Judge (ALJ) holding that Giles did not show good cause for filing a late appeal of a departmental decision assessing an overpayment and penalty.  This case is before the court on a sua sponte motion for summary disposition.

¶2      At the time that Giles filed a claim for unemployment benefits, he opted to receive all correspondence from the Department of Workforce Services (the Department) at a secure electronic correspondence address (ECA).  When he opted in to the ECA program, he agreed to regularly check his ECA and to respond to all department correspondence. Giles filed weekly benefit claims using the online filing system.  In a decision issued on February 8, 2011, the Department found that Giles

knowingly withheld material information or failed to report that he was working while receiving benefits. As a result of its findings, the Department issued a second decision on February 8 that established an overpayment, penalty, and disqualification period. The Department sent a copy of the decisions to Giles at his ECA. The decisions advised Giles that he could appeal by mail, by fax, or online, and provided contact information. The notice also stated, "Your appeal must be in writing and must be received or postmarked on or before February 23, 2011. An appeal received or postmarked after February 23, 2011 may be considered if good cause for late filing can be established." Approximately one month after the decisions issued, Giles was sent a collection notice alerting him that there was an issue with his claim. However, Giles did not file an appeal until November 22, 2011, nine months after the appeal deadline. Following an evidentiary hearing in December 2011, Giles testified that he did not check his ECA for electronic correspondence and filed his appeal only after he received collection letters in the mail.

¶3 The ALJ determined that the appeal of the Department's decision was untimely, Giles had not established good cause for the untimely filing, and the ALJ lacked jurisdiction to consider the appeal on the merits. The Board affirmed the ALJ's decision, concluding that Giles had not shown good cause for his late appeal, nor were the circumstances surrounding his late appeal compelling or reasonable.

¶4 The time limit for filing an appeal of a Department decision is ten days after its mailing. *See* Utah Code Ann. § 35A-4-406(3)(a) (2011). If a claimant fails to file a timely appeal, the late appeal "may be considered on its merits if it is determined that the appeal was delayed for good cause." Utah Admin. Code R994-508-104. However, a determination of good cause is limited to circumstances where the claimant shows that (1) he or she received the decision after the expiration of the time for filing the appeal and filed an appeal within ten days after actual receipt and the delay was not the result of willful neglect; (2) the delay was due to circumstances beyond the claimant's control; or (3) the claimant delayed filing the appeal for circumstances which were compelling and reasonable. *See id.* We do not disturb the factual findings underlying a determination regarding good cause if they are supported by substantial evidence when viewed in light of the whole record before the court. *See Autoliv ASP, Inc. v. Workforce Appeals Bd.*, 2000 UT App 223, ¶ 11, 8 P.3d 1033. "The ultimate decision as to whether good cause exists is a mixed question of law and fact," and the agency's decision will

not be set aside "if it is reasonable." *Armstrong v. Department of Emp't Sec.*, 834 P.2d 562, 565 (Utah Ct. App. 1992).

¶5      The ALJ's factual findings, which were adopted by the Board, are supported by substantial evidence in the record. Giles opted to receive correspondence through the ECA program, but he admitted that he failed to access or read that correspondence. Even after receiving collection notices in the regular mail that alerted him to a problem with his claim, Giles failed to promptly respond or appeal. The Board's determination that Giles did not establish good cause for filing his appeal of the Department's decisions until nine months after the expiration of the appeal deadline is reasonable. Accordingly, we do not disturb the decision of the Workforce Appeals Board.


_____
Carolyn B. McHugh,
Presiding Judge


_____
J. Frederic Voros Jr.,
Associate Presiding Judge


_____
Gregory K. Orme, Judge