IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Latecia Tomlinson, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20120183-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (May 17, 2012) |
| Department of Workforce Services, | ) | |
| | ) | 2012 UT App 148 |
| Respondent. | ) | |

-----

Original Proceeding in this Court

Attorneys:    Latecia Tomlinson, West Valley City, Petitioner Pro Se
              Amanda B. McPeck, Salt Lake City, for Respondent

-----

Before Judges Orme, Thorne, and Roth.

¶1      Latecia Tomlinson petitions for review of the final order of the Workforce Appeals Board (the Board), which determined that it lacked jurisdiction to consider the merits of her appeal. This matter is before the court on its sua sponte motion for summary disposition based on the lack of a substantial question for review.

¶2      The administrative law judge (ALJ) issued a decision on December 19, 2011, finding that Tomlinson had committed fraud by failing to report her work and earnings. The ALJ's decision indicated that if Tomlinson sought to appeal the decision, she needed to file an appeal with the Board within thirty days of December 19, 2011. Therefore, Tomlinson was required to file her appeal on or before January 18, 2012. The

Board did not receive Tomlinson's appeal until January 23, 2012. After receiving the appeal, the Board requested information concerning why her appeal was untimely. Tomlinson responded that her grandfather had passed away and because of that she had placed her personal affairs on hold. After reviewing her response, the Board determined that Tomlinson failed to timely file her appeal from the decision of the ALJ. It also determined that Tomlinson had failed to demonstrate good cause for the untimely appeal. As a result, the Board determined that it did not have jurisdiction to resolve Tomlinson's appeal.

¶3     A late appeal may be considered by the Board if a claimant can show good cause for the delay. *See Autoliv ASP, Inc. v. Workforce Appeals Bd.*, 2000 UT App 223, ¶ 12, 8 P.3d 1033. Good cause for delay in filing an appeal is limited to circumstances where the claimant received the determination after the appeal time had run, the delay was caused by circumstances beyond the claimant's control, or the claimant filed late under circumstances that were compelling and reasonable. *See* Utah Admin. Code R994-508-104. Tomlinson claimed that she did not file the appeal timely because her grandfather had passed away and she had placed her personal affairs on hold while she was dealing with family affairs.

¶4     The Board determined that Tomlinson had failed to demonstrate how her grandfather's passing had prevented her from filing a timely appeal. Specifically, the Board determined that Tomlinson failed to provide any details concerning the timing of her grandfather's passing or how his passing prevented her from completing the rather simple appeal process. Accordingly, the Board found that Tomlinson did not have good cause for the untimely filing of her appeal.

¶5     Tomlinson has failed to demonstrate that the Board abused its discretion in so finding. *See Armstrong v. Department of Emp't Sec.*, 834 P.2d 562, 567 (Utah Ct. App. 1992) (determining that a party who filed an appeal one day late because she confused working days and calendar days did not demonstrate good cause for the untimely filing); *Kirkwood v. Department of Emp't Sec.*, 709 P.2d 1158 (Utah 1985) (per curiam) (affirming the Board's decision that claimant's claim of stress from family issues was insufficient to demonstrate good cause for filing an untimely appeal). Because Tomlinson failed to demonstrate that she had good cause for the late filing, the Board

lacked jurisdiction to hear the appeal. *See* Utah Admin. Code R994-508-103; *Autoliv*, 2000 UT App 223, ¶ 12.

¶6      The Board's decision stands.

_____
Gregory K. Orme, Judge

_____
William A. Thorne Jr., Judge

_____
Stephen L. Roth, Judge