IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Amira Latorre, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20120589-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (October 12, 2012) |
| Department of Workforce Services, | ) | |
| | ) | 2012 UT App 284 |
| Respondent. | ) | |

-----

Original Proceeding in this Court.

Attorneys:    Amira Latorre, Salt Lake City, Petitioner Pro Se
              Amanda B. McPeck, Salt Lake City, for Respondent

-----

Before Judges McHugh, Voros, and Roth.

¶1     Amira Latorre seeks review of the Workforce Appeal Board's (the Board) June 7, 2012 decision. Latorre asserts that the Board erred by determining that she failed to demonstrate good cause for filing an untimely appeal to the Board. This matter is before the court on a sua sponte motion for summary disposition. We decline to disturb the Board's decision.

¶2     The administrative law judge (ALJ) issued its decision on February 1, 2012, finding that Latorre was discharged for just cause. The ALJ's decision clearly outlined the procedure for appealing its decision to the Board, and the decision also provided the facsimile number for filing an appeal. The ALJ's decision specified that if Latorre sought to appeal its decision to the Board, she must do so within thirty days of February 1, 2012. Therefore, Latorre was required to file her appeal on or before March 2, 2012. However, the Board did not receive Latorre's appeal until May 11, 2012.

¶3 This court will reverse an agency's findings "only if the findings are not supported by substantial evidence." *Drake v. Indus. Comm'n,* 939 P.2d 177, 181 (Utah 1977). We will not disturb the Board's conclusion regarding the application of law to the facts unless it "exceeds the bounds of reasonableness and rationality." *Nelson v. Department of Employment Sec.*, 801 P.2d 158, 161 (Utah Ct. App. 1990). An untimely appeal may be considered by the Board if a claimant demonstrates that there was good cause for the delay. *See Autoliv ASP, Inc. v. Workforce Appeal Bd.*, 2000 UT App 223, ¶ 12, 8 P.3d 1033. Good cause for delay in filing an appeal is limited to circumstances where the claimant received the determination after the time to appeal had run, the delay was caused by circumstances beyond the claimant's control, or the claimant delayed filing the appeal for circumstances that were compelling and reasonable. *See* Utah Admin. Code R994-508-104.

¶4 Before issuing its decision, the Board gave Latorre the opportunity to explain why her appeal was not timely filed. The Board's written notification informed Latorre that her response must be received by the Board on or before May 30, 2012. Latorre did not respond to the Board's request for information. As a result, the Board issued its June 7, 2012 decision finding that the appeal was untimely, that Latorre did not demonstrate good cause excusing the late appeal, and that the Board lacked jurisdiction to consider her appeal. On June 25, 2012, Latorre filed a petition for reconsideration where for the first time she asserted that good cause existed for filing her appeal late.[1] The Board declined to consider the untimely explanation as to why her appeal was not timely filed.

¶5 This court has previously determined that the Board does not abuse its discretion by declining to consider new evidence in a petition for reconsideration. *See Salt Lake Donated Dental Servs. v. Department of Workforce Servs.*, 2011 UT App 7, ¶ 12, 246 P.3d 1206. "If a party were able to reshape its case, so long as it did so within twenty days after a decision, the administrative process might never end." *Id.*

¶6 The Board did not abuse its discretion by determining that Latorre failed to demonstrate good cause for filing an untimely appeal because Latorre did not timely present any evidence that could support a determination that she had good cause for

_____

[1]Latorre argued that she timely faxed her appeal to a facsimile number other than the number specified in the ALJ's written instructions for filing an appeal.

filing a late appeal.  Furthermore, the Board did not abuse its discretion by declining to consider Latorre's explanation that was submitted for the first time in her petition for reconsideration.

¶7     Accordingly, we decline to disturb the Board's June 7, 2012 decision.


_____
Carolyn B. McHugh, Judge



_____
J. Frederic Voros Jr., Judge



_____
Stephen L. Roth, Judge