IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Mark D. Curtis, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20120649-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (November 1, 2012) |
| Department of Workforce Services, | ) | |
| | ) | 2012 UT App 309 |
| Respondent. | ) | |

-----

Original Proceeding in this Court

Attorneys:      Mark D. Curtis, Tooele, Petitioner Pro Se
                Jaceson R. Maughan, Salt Lake City, for Respondent

-----

Before Judges Orme, Davis, and Voros.

¶1      Mark D. Curtis seeks judicial review of the Workforce Board of Appeals's (Board) June 29, 2012 decision. This matter is before the court on a sua sponte motion for summary disposition. We decline to disturb the Board's decision.

¶2      The administrative law judge (ALJ) issued her decision on March 16, 2012, finding that Curtis committed fraud by failing to report his work and earnings. The ALJ's decision clearly outlined the procedure for appealing the decision to the Board and it specified that if Curtis sought to appeal such decision to the Board, he must do so within thirty days of March 16, 2012. Therefore, Curtis was required to file his appeal on or before April 16, 2012. However, the Board did not receive Curtis's appeal until May 23, 2012.

¶3      An untimely appeal may be considered by the Board if a claimant demonstrates that there was good cause for the delay. *See Autoliv ASP, Inc. v. Workforce Appeal Bd.,* 2000 UT App 223, ¶ 12, 8 P.3d 1033. Good cause for delay in filing an appeal is limited to circumstances where the claimant received the determination after the time to appeal

had run, the delay was caused by circumstances beyond the claimant's control, or the claimant delayed filing the appeal for circumstances that were compelling and reasonable. *See* Utah Admin. Code R994-508-104.

¶4 This court will reverse an agency's findings "only if the findings are not supported by substantial evidence." *Drake v. Indus. Comm'n,* 939 P.2d 177, 181 (Utah 1977). We will not disturb the Board's conclusion regarding the application of law to the facts unless it "exceeds the bounds of reasonableness and rationality." *Nelson v. Department of Emp't Sec.,* 801 P.2d 158, 161 (Utah Ct. App. 1990).

¶5 Before issuing its decision, the Board gave Curtis an opportunity to explain why his appeal was not filed timely. Curtis asserted that he did not timely appeal the ALJ's decision because he relied upon his attorney's incorrect advice. The Board determined that Curtis's reliance on his attorney's incorrect advice did not constitute good cause for filing his appeal late. Thus, the Board determined that it lacked jurisdiction to consider Curtis's appeal further.

¶6 Curtis challenges the Board's determination that he failed to establish good cause for filing an untimely appeal. In *Autoliv ASP, Inc. v. Workforce Appeal Bd.,* 2000 UT App 223, 8 P.3d 1033, this court determined that a claimant's reliance on his attorney's mistake as to the law does not constitute good cause for filing a late appeal to the Board. *See id.* ¶¶ 16-19. The Board relied upon the *Autoliv* decision in reaching its determination that Curtis failed to establish good cause for filing his appeal late. The Board did not err by determining that Curtis's reliance on his attorney's advice did not constitute good cause for filing an untimely appeal.

¶7 Accordingly, we decline to disturb the Board's decision.


_____
Gregory K. Orme, Judge


_____
James Z. Davis, Judge


_____
J. Frederic Voros Jr., Judge