**2015 UT App 215**

### THE UTAH COURT OF APPEALS

JEFFREY R. CUNDEY,
Petitioner,

*v.*

DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Decision
No. 20150422-CA
Filed August 27, 2015

Original Proceedings in this Court

Jeffrey R. Cundey, Petitioner Pro Se

Suzan Pixton, Attorney for Respondent

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
JOHN A. PEARCE.

PER CURIAM:

¶1      Jeffrey R. Cundey petitions for review of the final order of
the Workforce Appeals Board (the Board), which determined
that Cundey's appeal of the Department of Workforce Service's
(the Department) initial decision was untimely without good
cause, thereby depriving the agency of jurisdiction. This matter
is before the court on its own motion for summary disposition
based on the lack of a substantial question for review.

¶2      An appeal of the Department's initial ruling must be filed
or postmarked within ten calendar days of the date of the
decision, unless the decision is mailed, in which case an
additional five calendar days is added to the period to file an
appeal. *See* Utah Admin. Code R994-508-102. A late appeal may
be considered by the Administrative Law Judge (ALJ) if a
claimant can show good cause for the delay. *See Autoliv ASP, Inc.
v. Workforce Appeals Bd.*, 2000 UT App 223, ¶ 12, 8 P.3d 1033.

Good cause for delay in filing an appeal is limited to circumstances where the claimant received the determination after the time to appeal had run, the delay was caused by circumstances beyond the claimant's control, or the claimant filed late under circumstances that were compelling and reasonable. *See* Utah Admin. Code R994-508-104.

¶3      Here, Cundey acknowledged that he did not file a timely appeal. Cundey's sole reason for not timely filing an appeal of the Department's initial decision was that he failed to read the full decision when it was mailed to him. Both the ALJ and the Board determined that this did not constitute good cause because Cundey controlled whether or not he filed an appeal, and it was his own neglect that resulted in the untimely appeal.

¶4      "The ultimate decision as to whether good cause exists is a mixed question of law and fact." *Armstrong v. Department of Emp't Sec.*, 834 P.2d 562, 565 (Utah Ct. App. 1992). The Board's decision concerning whether a person establishes good cause for filing an untimely appeal is more fact-like because the case "does not lend itself to consistent resolution by a uniform body of appellate precedent." *Carbon County v. Workforce Appeals Bd.*, 2013 UT 41, ¶ 7, 308 P.3d 477 (citation and internal quotation marks omitted). "Because of the fact-intensive conclusions involved at the agency level," the Board's determination in such matters is entitled to deference. *Id.* "When a petitioner challenges an agency's findings of fact, we are required to uphold the findings if they are supported by substantial evidence when viewed in light of the whole record before the court." *Stauffer v. Department of Workforce Servs.*, 2014 UT App 63, ¶ 5, 325 P.3d 109 (citations and internal quotation marks omitted).

¶5      Based upon the totality of facts presented to the ALJ, we cannot say that the Board's determination that Cundey lacked good cause for filing an untimely appeal was unreasonable. *Cf. Armstrong*, 834 P.2d at 567 (determining that a party who filed an

appeal one day late because she confused working days and calendar days did not demonstrate good cause for the untimely filing); *Kirkwood v. Department of Emp't Sec.*, 709 P.2d 1158 (Utah 1985) (per curiam) (affirming the Board's decision that the claimant's claim of stress from family issues was insufficient to demonstrate good cause for filing an untimely appeal). Therefore, because Cundey failed to demonstrate that he had good cause for the late filing, the ALJ lacked jurisdiction to hear the appeal. *See* Utah Admin. Code R994-508-103; *Autoliv*, 2000 UT App 223, ¶ 12.

¶6     Accordingly, we decline to disturb the decision of the Board.

―――――――