**2015 UT App 295**

## THE UTAH COURT OF APPEALS

CASSANDRA MARTIN,
Petitioner,
*v.*
DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Decision
No. 20150763-CA
Filed December 17, 2015

Original Proceedings in this Court

Cassandra Martin, Petitioner Pro Se

Suzan Pixton, Attorney for Respondent

Before JUDGES GREGORY K. ORME, MICHELE M. CHRISTIANSEN, and KATE A. TOOMEY.

PER CURIAM:

¶1     Cassandra Martin petitions for review of the final order of the Workforce Appeals Board (the Board), which determined that Martin's appeal of the Department of Workforce Service's (the Department) initial decision was untimely without good cause, thereby depriving the agency of jurisdiction. This matter is before the court on its own motion for summary disposition based on the lack of a substantial question for review.

¶2     An appeal from the Department's initial ruling must be filed or postmarked within ten calendar days of the date of the decision, unless the decision is mailed, in which case an additional five calendar days is added to the period to file an appeal. *See* Utah Admin. Code R994-508-102. A late appeal may be considered by an Administrative Law Judge (ALJ) if a claimant can show good cause for the delay. *See Autoliv ASP, Inc. v. Workforce Appeals Bd.*, 2000 UT App 223, ¶ 12, 8 P.3d 1033. Good cause for delay in filing an appeal is limited to

circumstances where the claimant received the determination after the time to appeal had run, the delay was caused by circumstances beyond the claimant's control, or the claimant filed late under circumstances that were compelling and reasonable. *See* Utah Admin. Code R994-508-104.

¶3　The Department issued its decision on May 1, 2015. The decision indicated that Martin had until May 18, 2015, to appeal the decision to an ALJ. Martin did not file her appeal until May 19, 2015, one day late. Martin testified before the ALJ that she did not know why she filed the appeal late. She speculated that she must have thought that she could not file an appeal until May 18, 2015. Both the ALJ and the Board determined that this did not constitute good cause, because Martin controlled whether or not she filed an appeal, and because it was her own neglect that resulted in the untimely appeal.

¶4　"The ultimate decision as to whether good cause exists is a mixed question of law and fact." *Armstrong v. Department of Emp't Sec.*, 834 P.2d 562, 565 (Utah Ct. App. 1992). The Board's decision concerning whether a person establishes good cause for filing an untimely appeal is more fact-like because the case "does not lend itself to consistent resolution by a uniform body of appellate precedent." *Carbon County v. Workforce Appeals Bd.*, 2013 UT 41, ¶ 7, 308 P.3d 477 (citation and internal quotation marks omitted). "Because of the fact-intensive conclusions involved at the agency level," the Board's determination in such matters is entitled to deference. *Id.* "When a petitioner challenges an agency's findings of fact, we are required to uphold the findings if they are supported by substantial evidence when viewed in light of the whole record before the court." *Stauffer v. Department of Workforce Servs.*, 2014 UT App 63, ¶ 5, 325 P.3d 109 (citations and internal quotation marks omitted).

¶5　Based upon the totality of facts presented to the ALJ, we cannot say that the Board's determination that Martin lacked good cause for filing an untimely appeal was unreasonable. *Cf. Armstrong*, 834 P.2d at 567 (determining that a party who filed an appeal one day late because she confused working days and

calendar days did not demonstrate good cause for the untimely filing); *Kirkwood v. Department of Emp't Sec.*, 709 P.2d 1158 (Utah 1985) (per curiam) (affirming the Board's decision that the claimant's claim of stress from family issues was insufficient to demonstrate good cause for filing an untimely appeal). Therefore, because Martin failed to demonstrate that she had good cause for the late filing, the ALJ lacked jurisdiction to hear the merits of her appeal. *See* Utah Admin. Code R994-508-103; *Autoliv ASP*, 2000 UT App 223, ¶ 12.

¶6     In both her argument to the Board and in her memorandum to this court, Martin appears to be confused as to the reasoning of the ALJ's decision. Martin argues that the ALJ accepted her appeal after she was unavailable for an initial hearing. Thus, she believes that she had a valid appeal. It is true that after Martin failed to appear for her initial appeal date, the ALJ dismissed the appeal. However, Martin requested that the hearing be re-opened due to her inability to attend the hearing. The ALJ then set a new hearing date to allow Martin to present evidence concerning her reason for missing the appeal hearing and to present evidence to support her claim. After hearing the evidence, the ALJ determined that Martin had demonstrated that the hearing should be re-opened, i.e., she had a valid reason for missing the appeal hearing and she was entitled to have her arguments adjudicated. However, after determining that it should hear Martin's appeal of the Department's decision, the ALJ concluded that Martin failed to demonstrate good cause as to why her appeal of the Department's decision, due May 18, 2015, was one day late. Thus, it is the ALJ's decision concerning Martin's timeliness of her appeal from the Department's May 1, 2015 decision that is relevant to this proceeding, not Martin's failure to attend the June 2, 2015 hearing, which the ALJ ultimately excused.

¶7     Accordingly, we decline to disturb the decision of the Board.

——————