This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                No. 35,381

**DOMINIQUE AMPARAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa Ann Hadfield, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     Dominique Amparan (Defendant) appeals from his conviction for driving under the influence of intoxicating liquor (DWI), first offense, pursuant to NMSA 1978, Section 66-8-102(A) and (C) (2010). This Court's notice of proposed disposition proposed to affirm the district court's judgment and memorandum opinion. [RP 90-96] We have duly considered Defendant's memorandum in opposition and remain unpersuaded. We therefore affirm Defendant's conviction.

{2}     Defendant continues to argue that the State failed to prove beyond a reasonable doubt that the breath alcohol test (BAT) results were sufficiently reliable to prove his guilt of per se DWI or that the alcohol in Defendant's system impaired his driving to the slightest degree. [DS 11; RP 67] Defendant argues that because his breath test results of .09/.09 were within the allowable margin of error of .07 to .09, his actual results could have been below .08, and questions about the accuracy-ensuring procedures became more important than they would be if his breath score had been .14, for example. [MIO 2] Defendant also asserts that because he provided an insufficient sample five times before providing a sufficient sample, and no air blanks were run after these failed attempts, the reliability of his BAT results was compromised. [MIO 2] Defendant contends that while the officer testified that the machine appeared to be working and a valid sample was obtained within three minutes

as required, he did not testify that the tubing was clear of alcohol between the unrecorded partial samples and the one that was recorded and used to convict him, and for this reason, the BAT card was inadmissible. [MIO 3-4] Alternatively, Defendant argues that a person of reasonable caution would not have reached a "subjective state of near certitude" that his breath alcohol content was .08 or higher. [MIO 4] *See State v. Maes*, 2007-NMCA-089, ¶ 12, 142 N.M. 276, 164 P.3d 975 ("To support a conviction under a beyond a reasonable doubt standard, the evidence and inferences drawn from that evidence must be sufficiently compelling so that a hypothetical reasonable factfinder could have reached a subjective state of near certitude of the guilt of the accused." (internal quotation marks and citation omitted)).

**{3}** As the officer testified and as the State acknowledged, the regulations only require that blanks be run between any subject sample and calibration sample. [DS 5-6; MIO 3] *See* 7 NMAC 7.33.2.14(C)(2) (2010) ("The minimum requirements for an evidential breath sample for implied consent testing are: (a) a system blank analysis shall be used preceding each breath sample[.]"). The officer testified that a person has three minutes in which to provide a valid, sufficient sample for testing [DS 9], and that what Defendant did was perfectly proper. [DS 9] Defendant provides no authority, by way of either case law or regulations, to indicate that the results were inadmissible. *State v. Martinez,* 2007-NMSC-025, ¶ 21, 141 N.M. 713, 160 P.3d 894. ("When

considering whether the result of a BAT is reliable enough to be entered into evidence, Rule 11-104(A) governs and Rule 11-104(B) does not. The admission of evidence based on its reliability or lack thereof is a policy-based decision the judge, and the judge alone, makes."). To the extent Defendant continues to argue that the lack of any information on the BAT card to reflect the aborted samples casts doubt on the validity and accuracy of the results, that goes to the weight to be given the BAT results and not their admissibility. *See State v. Christmas*, 2002-NMCA-020, ¶12, 131 N.M. 591, 40 P.3d 1035 (concluding "that any discrepancy in regard to the validity of [the d]efendant's breathalyzer results went to the weight of the evidence to be considered by the jury"); *see also State v. Anderson*, 1994-NMSC-089, ¶ 66, 118 N.M. 284, 881 P.2d 29 (recognizing questions concerning test results or statistical probabilities go to the weight of the evidence and are the concerns of the fact finder). And defense counsel properly questioned the BAT results and argued that the totality of the evidence cast doubt at least on the accuracy and weight they should be given. [MIO 2]

{4}     Defendant also continues to argue that the State failed to produce substantial evidence of impairment. [MIO 4-5] However, because we affirm on the basis of the BAT results, we do not reach Defendant's challenge to the sufficiency of evidence under the impaired to the slightest degree standard. For the reasons stated in the

4

district court's memorandum opinion, this Court's notice of proposed disposition, we affirm.

**{5}** **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**STEPHEN G. FRENCH, Judge**